### GULF PAVING COMPANY *v.* CITY OF ATLANTA.

1. Under the constitutional amendment of 1916, defining the jurisdiction of the Supreme Court and the Court of Appeals of this State (Ga. L. 1916, p. 19, Park's Code Supp. 1917, §§ 6502, 6506), the Court of Appeals has jurisdiction to decide questions of law that involve application, in a general sense, of unquestioned and unambiguous provisions of the constitution to a given state of facts, and that do not involve construction of some constitutional provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of the State or of the United States, and that do not involve the constitutionality of any law of the State or of the United States or any treaty.

2. Where under the constitutional amendment of 1916 a writ of certiorari has been obtained to review a judgment of the Court of Appeals, the Supreme Court has jurisdiction to rule upon the assignments of error in the bill of exceptions from the trial court from which the case was carried to the Court of Appeals.

3. A municipality, to avoid incurring the debt forbidden by the constitution, must either have in its treasury a sufficient sum that can lawfully

be used to pay the liability about to be incurred, or must have authority and ability to raise a sufficient sum to discharge it by taxation during the current year; or, where the liability is for paving a street upon the basis of assessment of abutting property, the money to satisfy it must be provided for by a lawful assessment to pay the cost of the paving.

4. If county commissioners, in the absence of express authority, could appropriate county money to a city to pay for paving a street therein, a mere appropriation by the county of money for that purpose would not be such a provision by the city for paying the cost of the paving as would authorize it to incur liability therefor.

No. 1101.  MAY 14, 1919.

Certiorari; from Court of Appeals.  22 *Ga. App.* 374.

*Anderson, Rountree & Crenshaw,* for plaintiff.

*J. L. Mayson* and *S. D. Hewlett,* for defendant.

ATKINSON, J.  The City of Atlanta, desiring to repave a portion of a street within the city limits on the basis of assessments against abutting-property owners for part of the cost of the improvement and against the property of the street-car company which occupied the street for a part of the cost of the improvement, and without any provision for payment of the balance of the cost of the improvement, except that the board of commissioners of roads and revenues of the County of Fulton "had appropriated" a specified amount for that purpose, advertised for bids to make the improvement, and in the advertisement provided that each bidder should deposit $1,000, conditioned to enter into a contract to make the improvement in the event the bid should be accepted, and that upon failure to enter into the contract the deposit should be forfeited to the city as liquidated damages.  The Gulf Paving Company filed a bid and in connection therewith made a deposit of $1,000 with the city, conditioned as above mentioned.  The bid was accepted, and after notice of the acceptance a demand was made upon the bidder to execute the contract to do the paving.  The Gulf Paving Company declined upon the ground that the city had not provided means with which to pay for the work, a fact unknown to it when the bid was made, and consequently had no authority, "under the constitution and laws of the State," to enter into the contract.  Thereafter, the city having notified the Gulf Paving Company that it would claim the amount deposited as a forfeiture and for liquidated damages, retained for its own use the $1,000 so deposited.  The Gulf Paving Company then brought an action for money had and received, to recover that amount.  The

petition, alleging facts as above indicated, was dismissed on general demurrer, and the plaintiff excepted. The bill of exceptions was returned to the Court of Appeals. That court decided:

"1. Since the adoption of the amendment to section 2 of article 6 of the constitution of this State, ratified November 7, 1916, and proclaimed by the Governor on December 15, 1916, as a part of the constitution, the Court of Appeals has no jurisdiction of any case that involves a construction of the constitution of the State of Georgia.

"2. Under repeated rulings of the Supreme Court, that court will not pass upon a constitutional question not properly raised in the court below. A constitutional question is not properly raised where no provision of the constitution is specified. *Johnston* v. *Brenau College,* 146 *Ga.* 182(5), 186 (91 S. E. 85).

"3. Under the foregoing rulings the question as to whether the City of Atlanta, under the constitution of this State, could legally enter into the proposed contract set forth in the petition can not be considered by this court; nor can the question be certified to the Supreme Court; nor can the case be transferred to the Supreme Court.

"4. The question last referred to being eliminated, the petition did not set forth a cause of action, and the court did not err in sustaining the general demurrer and dismissing the petition." 22 *Ga. App.* 374 (96 S. E. 392).

The plaintiff, being dissatisfied with the judgment of the Court of Appeals, filed a petition for certiorari to the Supreme Court, which was granted. It was alleged that the Court of Appeals erred in holding: "(1) that this case 'involved a construction of the constitution of the State of Georgia'; (2) that 'whether the City of Atlanta, under the constitution of this State, could legally enter into the proposed contract set forth in the petition can not be considered by this court'; and (3) that 'the court did not err in sustaining the general demurrer and dismissing the petition.'"

1. Under the constitutional amendment defining the jurisdiction of the Supreme Court and the Court of Appeals (Acts 1916, p. 19), the Supreme Court has exclusive jurisdiction to correct errors committed by the several trial courts therein specified; "in all cases that involve the construction of the constitution of the State of Georgia, or of the United States, or treaties between the

United States and foreign governments; in all cases in which the constitutionality of any law of the State of Georgia or of the United States is drawn in question," etc. The Court of Appeals has jurisdiction to correct errors of law from the same courts "in all cases in which such jurisdiction has not been conferred by this constitution upon the Supreme Court." The words, "construction of the constitution," etc., as here employed, contemplate construction where the meaning of some provision of the constitution is directly in question, and is doubtful by force of its own terms or under the decisions of the Supreme Court of the United States or of the Supreme Court of Georgia; and the provision of the constitution in which they are employed is not to be construed as denying to the Court of Appeals jurisdiction of cases which involve mere application of unquestioned and unambiguous provisions of the constitution to a given state of facts. See *Fews* v. *State,* 1 *Ga. App.* 122 (58 S. E. 64); *Cox* v. *State,* 19 *Ga. App.* 283, 289 (91 S. E. 422).

The decision of the case involved application of the constitution and laws of the State in a general sense, but did not, within the meaning of the above provision of the constitution, involve any construction of the State or Federal constitution or any treaty; and it was erroneous for the Court of Appeals in rendering its decision, to decline to rule on the city's liability to the plaintiff on the ground that it involved a construction of the constitution of this State.

2. The amendment to the constitution ratified in 1916, supra, provides: "It shall also be competent for the Supreme Court to require, by certiorari or otherwise, any case to be certified to the Supreme Court from the Court of Appeals for review and determination, with the same power and authority as if the case had been carried by writ of error to the Supreme Court." The writ of certiorari having issued in this case, the Supreme Court has jurisdiction to rule upon the several assignments of error made by the bill of exceptions. It is so held in cases of certiorari from the Circuit Court of Appeals to the Supreme Court of the United States. City of Denver *v.* New York Trust Co., 229 U. S. 123 (33 Sup. Ct. 657, 57 L. ed. 1101), Donovan *v.* Penn. Co., 199 U. S. 279, 292 (26 Sup. Ct. 91, 50 L. ed. 192). In the latter case the court said: "As this case is before us on writ of certiorari, we can dispose of

all questions arising on the record." The similarity of the provision of the State constitution to that of the Federal statute is such as to render Federal decisions applicable upon questions of this character. *Central of Ga. Ry. Co.* v. *Yesbick,* 146 *Ga.* 620 (91 S. E. 873).

3. Before a liability for a legitimate current expense can be incurred by a municipality without creating a debt within the meaning of art. 7, sec. 7, par. 1, of the constitution of this State (Civil Code, § 6563), there must, at the time of incurring the liability, be a sufficient sum in the treasury which can be lawfully used to pay the liability incurred, or there must be authority and ability to raise a sufficient sum to discharge the liability by taxation during the current year; or, where the legitimate current expense is for paving a street upon the basis of assessment of abutting property, the money to satisfy the liability must be provided for by the lawful assessment of property by the municipality to pay the cost of paving. *City of Waycross* v. *Tomberlin,* 146 *Ga.* 504 (91 S. E. 560).

4. Even if the board of commissioners of roads and revenues for the County of Fulton, in the absence of express authority, could appropriate county money to the City of Atlanta for the purpose of paving streets in that city (*DeVaughn* v. *Booten,* 146 *Ga.* 836 (92 S. E. 629); *Howard* v. *Early County,* 104 *Ga.* 669 (30 S. E. 880); 15 Corpus Juris, 586, 587), the mere "appropriation" by the county of money for such purpose would not be such a provision by the city for paying the cost of the improvement as would authorize it to incur a liability therefor. See *Tate* v. *City of Elberton,* 136 *Ga.* 301 (4), (71 S. E. 420).

Applying the principles announced in the preceding division, the petition alleged a cause of action, and it was erroneous for the trial court to dismiss the petition upon general demurrer. The judgment of the Court of Appeals is reversed, and the case is remanded for disposition by that court in accordance with the rulings made.

*All the Justices concur.*