15937.   VEAL *et al. v.* DEEPSTEP CONSOLIDATED SCHOOL DISTRICT *et al.*

JENKINS, P. J. 1. Where, pursuant to the act of 1919 codifying the school laws of the State, as modified by section 1 of the act of 1921 amending the former act (Ga. L. 1921, pp. 221, 224; Park's Code Supp. 1922, § 1439 (a)), the board of trustees of a consolidated school district hold an election for the purpose of determining whether bonds shall be issued for the purpose of building and equipping a schoolhouse for the district, the statute requires that they "shall follow the law as required of county authorities in section 440 et seq." of the Civil Code in the issue of such bonds.

2. Under the procedure thus provided, the solicitor-general of the circuit files in the superior court a petition in the name of the State of Georgia against the "division desiring to issue bonds under such election," an order from the judge is entered thereon requiring the "division, by its proper officers, to show cause" why the bonds should not be confirmed and validated, and, after service and notice in the manner stated, a hearing is had to "determine all of the questions of law and of fact in said cause." The statute provides that the judge "shall render judgment thereon, and in the event his judgment shall be in favor of the issuance of the bonds, a judgment and order shall be issued to that effect, and any citizen of the State of Georgia, resident in such  . .

division, so desiring to issue said bonds, may become a party to said proceedings, and, if dissatisfied with the judgment of the court confirming and validating the issuance of the bonds, may except thereto within 20 days from the judgment, . . and upon the hearing . . such bill of exceptions shall be heard in accordance with the practice regulating the hearing of bills of exceptions in criminal cases." Civil Code (1910), §§ 446, 447, 448.

3. Where in such a case, on a petition filed in the name of the State by the solicitor-general against a consolidated school district, certain citizens intervene and are made by order parties defendant, file an answer attacking the legality of the election and objecting to the validation of such bonds, and the court on a hearing enters an order reciting that "the whole question turns upon a question of law," permitting the intervention to be "filed to become a part of the record," and providing that "the same is dismissed as being insufficient in law to prevent the validation of said bonds," but where such order merely provides that "the petitioners *may take* an order in proper form validating said district school bonds," and it does not appear from the record that any such judgment of validation was ever actually entered, or that any exceptions are taken thereto, there is no final judgment "confirming and validating the issuance of the bonds" from which a bill of exceptions will lie, as provided by section 447 of the Civil Code. Accordingly, the writ of error, being premature, must be dismissed. Leave, however, is granted to the plaintiffs in error to treat as exceptions pendente lite the official copy of the bill of exceptions filed in the court below.

*Writ of error dismissed. Stephens and Bell, JJ., concur.*

DECIDED MAY 18, 1925.

Validation of school bonds; from Washington superior court— Judge Hardeman.   September 4, 1924.

*John R. Irwin,* for plaintiffs in error.

*Walter F. Grey, solicitor-general, J. J. Harris,* contra.