410

PIGNATEL *et al. v.* MOBLEY, superintendent of banks.

No. 8159. SEPTEMBER 17, 1931.

# 412

C. E. Sutton, for plaintiff in error.  Earle Norman, contra.

ATKINSON, J.  A. B. Mobley as superintendent of banks sued out an attachment at law against Mrs. C. G. Pignatel, and caused the attachment to be levied upon described realty as the property of the defendant, and duly filed his declaration in attachment as provided by law.  The attachment suit was to recover $1600 by levy and sale of the land seized under the attachment, said $1600 representing a statutory stockholder's liability by the defendant as alleged owner of 16 shares of the capital stock in the Washington Exchange Bank, an insolvent banking institution in the possession of the plaintiff for purposes of liquidaton.  The declaration in attachment alleged that the stock was owned by T. Burwell Green at the time of his death, May 2, 1914; that at the death of Green the defendant acquired title to the stock as sole legatee under the will of Green, of which defendant was also the sole executrix; that by item 1 of the will the testator directed payment of all his debts, and by item two it was declared that "all the rest, residue, and remainder of my estate, real and personal, after paying debts, I give and bequeath absolutely to my daughter" (the defendant) ; that in virtue of said provision of the will the defendant became owner of the stock and has continued to be such owner up to the time of the institution of the suit.  The defendant filed a general demurrer to the declaration in attachment, and excepted pendente lite to the judgment overruling the demurrer.  The defendant filed also a plea in abatement, alleging the same matter as set forth in the demurrer.  This plea was stricken on demurrer.  The defendant filed also an answer admitting or deny-

ing the several paragraphs in the declaration in attachment, and "for further plea" alleging that on or about May 15, 1924, more than one year before the Washington Exchange Bank failed, the stock in the Washington Exchange Bank standing in name of T. B. Green, "being all the stock owned by said deceased in the bank, was sold to Garnett A. Green, the president of said bank, and written notice given to transfer said stock on the books of the bank; that defendant has neither in her individual nor representative capacity owned said stock or any interest therein since said date, and the failure to make the transfer on the books of the bank is imputable to said bank, and not to this defendant." On the trial a verdict was returned for the plaintiff. The defendant's motion for a new trial was overruled, and she excepted. She assigned error also upon the exceptions pendent lite and upon the striking of the special plea in abatement.

1. Under the constitutional amendment of 1916, defining the jurisdiction of the Supreme Court and the Court of Appeals of this State (Ga. L. 1916, p. 19; Park's Code Supp. 1922, §§ 6502, 6506; Michie's Code, §§ 6502, 6506), the Supreme Court has exclusive jurisdiction "in all equity cases" and "in all cases which involve the validity of or the construction of wills." The Court of Appeals has jurisdiction to correct errors of law from the same courts "in all cases in which such jurisdiction has not been conferred by this Constitution upon the Supreme Court."

2. The case under consideration is a suit at law to recover the statutory liability of an alleged stockholder of the Washington Exchange Bank, an insolvent institution, in the hands of the superintendent of banks for liquidation, and to have the property seized under the writ of attachment in pursuance of law, and subjected to payment of the alleged liability. It is not a suit in equity.

3. Certain provisions of the will mentioned in the statement of facts are incidentally relied on to show title of the defendant to the corporate stock as the basis of the stockholder's liability in question. No question is made as to construction or validity of the will, but both sides treat it as valid and meaning the same thing—as bequeathing the capital stock in question to the defendant. The case therefore does not *involve* the validity or construction of a will, within the meaning of the foregoing provisions of the constitution. In this connection see *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114 (99 S. E. 374).

4. The case, being of the character as indicated above, is not one of which the Supreme Court has jurisdiction, but is one of which the Court of Appeals has jurisdiction; and the writ of error is *Transferred to the Court of Appeals. All the Justices concur.*