### PAYNE *v.* THE STATE.

610

*John H. Payne,* pro se.   *John A. Boykin, solicitor-general,* contra.

BELL, Justice.   J. H. Payne, after being disbarred as a lawyer by the superior court of Fulton county, was reinstated upon condition that he would abstain from the use of intoxicating liquors and otherwise properly demean himself for the period of one year. Before the expiration of this period he was convicted, in the criminal court of Atlanta, of the offense of being intoxicated on a public highway; and because of this conviction his reinstatement was revoked on July 1, 1933.   He carried the criminal case by certiorari to the superior court, and pending that cause, on February 5, 1935, he was granted a full pardon by the Governor; whereupon at his motion the certiorari was dismissed and his bond exonerated. Thereafter he presented to the judges of the superior court the evidence of his pardon, and moved for a revocation of the order of July 1, 1933, withdrawing his reinstatement as a member of the bar.   The following order was passed: "Upon consideration of the foregoing motion by the court, in banc, it is adjudged that the pardon is of no effect on and has no relation to the order herein of July 1, 1933, of this court, and the said order is hereby affirmed; and it is therefore ordered that the within motion be and the same is hereby denied by a concurrence of all of the judges."   To this order Payne excepted.   His bill of exceptions was made returnable to this court.   The order was assigned as error upon the grounds that for various reasons stated the judgment was contrary to law and to the following provisions of the State constitution: "Protection to person and property is the paramount duty of government, and shall be impartial and complete."   Code of 1933, § 2-102.   "No person shall be deprived of life, liberty, or property, except by due process of law."   § 2-103.   "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted; nor shall any person be abused in being arrested, while under arrest, or in prison."   § 2-109.   "He [the Governor] shall have power to grant reprieves and pardons, to com-

mute penalties, remove disabilities imposed by law, and to remit any part of a sentence for offenses against the State, after conviction, except in cases of treason and impeachment, subject to such regulations as may be provided by law relative to the manner of applying for pardons." § 2-2612. The constitutionality of no statute has anywhere been drawn in question by the plaintiff in error, it being assigned merely that the judgment is unconstitutional.

The Supreme Court shall have jurisdiction "in all cases that involve the construction of the constitution of the State of Georgia or of the United States," and "in all cases in which the constitutionality of any law of the State of Georgia or of the United States is drawn in question." Code of 1933, § 2-3005. "The Court of Appeals has jurisdiction to decide questions of law that involve application, in a general sense, of unquestioned and unambiguous provisions of the constitution to a given state of facts, and that do not involve construction of some constitutional provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of the State or of the United States, and that do not involve the constitutionality of any law of the State or of the United States or any treaty." *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114 (99 S. E. 374). See also *Southern Pacific Co.* v. *DiCristina,* 36 *Ga. App.* 433, 436 (137 S. E. 79). The plaintiff in error contends that jurisdiction is vested in this court by section 4977 of the Civil Code of 1910, which provided that a judgment of disbarment may be reviewed by the Supreme Court. This contention is incorrect, because the provisions of that section were superseded by the constitutional amendment of 1916, defining the jurisdiction respectively of the Supreme Court and the Court of Appeals. Code of 1933, §§ 2-3005, 2-3009.

Upon application of the foregoing principles, the Court of Appeals and not the Supreme Court has jurisdiction.

*Transferred to the Court of Appeals. All the Justices concur.*