KEENEY *v.* THE STATE.

No. 11265.  June 11, 1936.

*George G. Finch* and *William G. McRae,* for plaintiff in error.
*W. Inman Curry, solicitor,* contra.

Gilbert, Justice.  W. E. Keeney was tried in the city court of Richmond County for a misdemeanor, to wit, "carrying on a lottery." After conviction the accused filed a motion for "arrest of judgment," upon the ground that the enforcement of the provisions of the Code, § 26-6502, under paragraphs 47A and 71(e) of the general tax act of 1935 (Ga. L. 1935, pp. 11, 43), the accused having registered his business and paid the occupational taxes required, would be null and void, because contrary to art. 1, sec. 1, par. 2, and art. 1, sec. 1, par. 3, of the constitution of Georgia. He filed also a motion for a new trial on the general grounds, and on the special grounds that the conviction, judgment, and sentence were in violation of art. 1, sec. 1, par. 2, and art. 1, sec. 1, par. 3, of the constitution of Georgia, and that he was not guilty of a violation of law by the operation of the said machines, which, as he alleged, was in accordance with the provisions of paragraphs 47A and 71(e) of the said act of 1935, after he had registered his business and had paid the occupational taxes required; and that the court erred in finding him guilty under counts 1 and 2 of the accusation, because of his ownership and operation of the said machines under said sections of the act of 1935, he having duly registered his business and paid the required occupational taxes after the operation of the said machines "had been authorized by the laws of the State" under said sections, and the State had provided in said act that failure to register and pay the occupational tax would subject the offender to criminal prosecution for a misdemeanor, and that he was thereby rendered exempt from any criminal prosecution on account of being the owner and operator of said machines. None

of the assignments of error is sufficient to bring the case within the jurisdiction of this court. The case does not involve a construction of the constitution of the State of Georgia or of the United States, nor does it draw in question the constitutionality of any law of the State of Georgia or of the United States, as contemplated in the constitution of the State of Georgia. Code, § 2-3005. See also *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114 (99 S. E. 374) ; *Goodwyn* v. *Roop,* 181 *Ga.* 327, 328 (182 S. E. 4). Therefore the case is transferred to the Court of Appeals, because this court is without jurisdiction.

*So ordered. All the Justices concur.*