## TURNER v. THE STATE.

No. 12201. FEBRUARY 15, 1938.

*William Schley Howard, John H. Hudson,* and *J. O. Ewing,* for plaintiff in error.

*John S. McClelland,* solicitor, *John A. Boykin, solicitor-general,* and *J. W. LeCraw,* contra.

HUTCHESON, Justice. F. A. Turner was tried and convicted of the offense of bribery in the criminal court of Fulton County. He filed a petition for certiorari, which was sanctioned, and upon hearing was overruled. The case was brought to this court by bill of exceptions in which it is stated: "The Supreme Court, and not the Court of Appeals, has jurisdiction of this case, because there are constitutional questions involved . . in which jurisdiction is not conferred by the constitution on the Court of Appeals, but only on the Supreme Court." This statement is based upon the following assignment of error in the petition for certiorari: "The State introduced in evidence two accusations, No. 140473 and 140153, and also photographs attached to said accusations charging Jim Fulcher, alias Jim Moss, with operating a lottery. The defendant objected to the pictures and the accusations, on the ground that no reason appeared why the witness should not be brought into court, placed on the witness stand, so that the defendant could be confronted with him, and his counsel could have the right to cross-examine him; and on the further ground that it deprived the defendant of his constitutional right to be confronted with this man as a witness, and the jury of the right to see the witness and observe his manner on the witness stand." The court overruled the objection, and error was assigned.

"Under the constitutional amendment defining the jurisdiction of the Supreme Court and the Court of Appeals (Acts 1916, p. 19 [Code, § 2-3005]), the Supreme Court has exclusive jurisdiction to correct errors committed by the several trial courts therein specified; 'in all cases that involve the construction of the constitution of the State of Georgia, or of the United States, or

treaties between the United States and foreign governments; in all cases in which the constitutionality of any law of the State of Georgia or of the United States is drawn in question,' etc. The Court of Appeals has jurisdiction to correct errors of law from the same courts 'in all cases in which such jurisdiction has not been conferred by this constitution upon the Supreme Court.' The words, 'construction of the constitution,' etc., as here employed, contemplate construction where the meaning of some provision of the constitution is directly in question, and is doubtful by force of its own terms or under the decisions of the Supreme Court of the United States or of the Supreme Court of Georgia; and the provision of the constitution in which they are employed is not to be construed as denying to the Court of Appeals jurisdiction of cases which involve mere application of unquestioned and unambiguous provisions of the constitution to a given state of facts. See *Fews* v. *State*, 1 *Ga. App.* 122 (58 S. E. 64) ; *Cox* v. *State*, 19 *Ga. App.* 283, 289 (91 S. E. 422)*."* *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114, 116 (99 S. E. 374). Applying the above principle to the facts of the instant case, the Court of Appeals, and not the Supreme Court, has jurisdiction thereof.

*Transferred to the Court of Appeals. All the Justices concur.*