## CAMPBELL *v.* ATLANTA COACH COMPANY.

No. 12172. APRIL 12, 1938.

*R. B. Lambert,* for plaintiff.
*Bryan, Middlebrooks & Carter,* for defendant.

BELL, Justice. A minor sued by next friend, to recover damages for personal injuries. The defendant filed a plea of accord and satisfaction based upon a settlement alleged to have been made with a guardian and approved by the ordinary. The plaintiff filed a motion to dismiss the plea, after which both the plea and the motion were amended. The court overruled the amended motion to dismiss the amended plea, and the plaintiff excepted pendente lite. Upon the trial the court directed a verdict in favor of the defendant, and the plaintiff excepted. The bill of exceptions included an assignment of error on the exceptions pendente lite. It was returned to the Supreme Court, and recited that the Supreme Court has jurisdiction "because the amended motion to strike the amended plea of the defendant has and contains questions of constitutional law over which the Court of Appeals of Georgia has no jurisdiction." In the amendment to the motion it was averred that to sustain the plea as amended would violate the provisions of the constitution of this State, that "no person shall be deprived of life, liberty, or property, except by due process of law," and that "the right of trial by jury, except where it is otherwise provided in this constitution, shall remain inviolate." Code, §§ 2-103, 2-4501. This is the only part of the record which purported to raise a constitutional question, and upon it depends the question of jurisdiction, since the case does not otherwise fall within the jurisdiction of the Supreme Court.

The Supreme Court shall have jurisdiction "in all cases that involve the construction of the constitution of the State of Georgia or of the United States," and "in all cases in which the constitutionality of any law of the State of Georgia or of the United States is drawn in question." Code, § 2-3005. "The Court of Appeals has jurisdiction to decide questions of law that involve application, in a general sense, of unquestioned and unambiguous provisions of the constitution to a given state of facts, and that do not involve construction of some constitutional provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of the State or of the United States, and that do not involve the constitutionality of any law of the State or of the United States or any treaty." *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114 (99 S. E. 374). See also *Southern Pacific Co.* v. *DiCristina,* 36 *Ga. App.* 433, 436 (137 S. E. 79) ; *Keeney* v. *State,*

182 *Ga.* 523 (186 S. E. 561). Jurisdiction is not vested in the Supreme Court merely because a judgment of the trial court is alleged to be contrary to some provision of the constitution. No other question of a constitutional nature was raised in the instant case. Under the foregoing principles, the Court of Appeals, and not the Supreme Court, has jurisdiction.

*Transferred to the Court of Appeals. All the Justices concur.*