## SANDERS *v.* THE STATE.

No. 12368. JUNE 18, 1938.

*Joseph S. Crespi,* for plaintiff in error.
*John A. Boykin, solicitor-general,* and *J. W. LeCraw,* contra.

BELL, Justice. Rufus Sanders was indicted in two counts for the offense of burglary. On the advice of an attorney appointed by the court, he entered a plea of guilty, upon which sentences were passed. Later, attorneys employed by relatives of the defendant filed in his behalf a motion praying that he be allowed to withdraw the plea of guilty, and that the sentences be vacated. Two paragraphs of this motion were as follows:

"8. Petitioner shows that he entered the plea of guilty and was so induced to enter the said plea of guilty without benefit of counsel as provided by the constitution of the United States, articles 5 and 6, and as provided by the constitution of the State of Georgia, article 1, section 1, paragraph 5, and contrary to law."

"15. Petitioner further shows that he has not had his day in court, as guaranteed by the constitution of the United States, articles 5 and 6, and also of the constitution of the State of Georgia, article 1, section 1, paragraph 5."

After hearing evidence, the court overruled the motion, and to this judgment the defendant excepted. The bill of exceptions was returned to the Supreme Court, and contains the statement that the Supreme Court has jurisdiction because constitutional questions are involved. Under the facts appearing, the case does not involve such a constitutional question as to bring it within the jurisdiction of the Supreme Court; nor is there other ground for jurisdiction in this court. Code, § 2-3005; *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114 (99 S. E. 374); *Keeney* v. *State,* 182 *Ga.* 523 (186 S. E. 561); *Campbell* v. *Atlanta Coach Co.,* 186 *Ga.* 77 (196 S. E. 769); *Southern Pacific Co.* v. *DiCristina,* 36 *Ga. App.* 433, 436 (137 S. E. 79).

*Transferred to the Court of Appeals. All the Justices concur.*