CITY OF WAYCROSS *v.* HARRELL.

No. 12443. SEPTEMBER 27, 1938.

834

*F. B. McDonald Jr.,* and *Q. L. Garrett,* for plaintiff.

*Herbert W. Wilson* and *Harry M. Wilson,* for defendant.

BELL, Justice. Two executions based on street-paving assessments were issued by the clerk of the City of Waycross against L. B. Harrell, and were levied. After the filing of affidavits of illegality by the defendant, the proceedings were returned to the superior court of Ware County, where the two cases were consolidatd. The city's general demurrers and motions to dismiss the affidavits of illegality were overruled. The judge, before whom the case was tried by consent without a jury, after hearing evidence, rendered a judgment in favor of the defendant. The City of Waycross moved for a new trial, which the court refused; and the city excepted. Error was assigned upon the refusal of a new trial and on the overruling of the demurrers and motions to dismiss. The writ of error was made returnable to the Supreme Court, and was transmitted accordingly. The only defenses presented by either affidavit of illegality are that the assessments are in excess of the benefits resulting to the abutting property, and are so greatly disproportioned to the value of the property that if the city is permitted to proceed with collection, such action would amount to a virtual confiscation of the defendant's property, contrary to the due-process clauses of the State and Federal constitutions.

Under the facts stated, the Court of Appeals, and not the Supreme Court, has jurisdiction of the writ of error. The Supreme Court shall have jurisdiction "in all cases that involve the construction of the constitution of the State of Georgia or of the United States," and "in all cases in which the constitutionality of any law of the State of Georgia or of the United States is drawn in question." Art 6, § 2, par. 5; Code, § 2-3005. "The Court of Appeals has jurisdiction to decide questions of law that involve application, in a general sense, of unquestioned and unambiguous provisions of the constitution to a given state of facts, and that do not involve construction of some constitutional provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of the State or of the United States, and that do not involve the constitutionality of any law of the State or of the United States or any treaty." *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114 (99 S. E. 374). Jurisdiction is not

vested in the Supreme Court merely because it is contended that an action or judgment is or would be contrary to some provision of the constitution. The instant case does not present any question of construction, but involves only the applicability of plain and unambiguous constitutional provisions. This alone does not confer jurisdiction upon the Supreme Court. Nor does the case otherwise fall within the jurisdiction of this court. See *Payne* v. *State,* 180 *Ga.* 609 (180 S. E. 130); *Keeney* v. *State,* 182 *Ga.* 523 (186 S. E. 561); *Turner* v. *State,* 185 *Ga.* 432 (195 S. E. 431); *Campbell* v. *Atlanta Coach Co.,* 186 *Ga.* 77 (196 S. E. 769); *Sanders* v. *State,* 186 *Ga.* 335 (197 S. E. 801); *Southern Pacific Co.* v. *DiCristina,* 36 *Ga. App.* 433, 436 (137 S. E. 79).

*Transferred to the Court of Appeals. All the Justices concur.*