## HODGES *v.* SEABOARD SAVINGS & LOAN ASSOCIATION.

No. 12561. OCTOBER 3, 1938.

*G. Seals Aiken,* for plaintiff.
*John M. Slaton* and *James J. Slaton,* for defendant.

PER CURIAM. Mrs. J. H. Hodges instituted an action in the superior court of Fulton County against C. F. Langran and Seaboard Savings and Loan Association, seeking a recovery of damages for injuries suffered by alleged negligent operation of an automobile owned by the association and operated by Langran. The court sustained certain demurrers to the petition, and over-

ruled others. At the close of the evidence on the trial the court directed a verdict in favor of the defendant association. The plaintiff assigns error on the direction of the verdict, the rulings on demurrer, and rulings of the court refusing to require the defendant to produce certain documents in response to a notice to produce, on the ground that the rulings complained of violated certain quoted provisions of the constitutions of the United States and of the State of Georgia. It is recited in the bill of exceptions: "This case involves the construction of several provisions of the constitution of the State of Georgia and the constitution of the United States, and is therefore subject to the appellate jurisdiction of the Supreme Court of Georgia."

"Under the constitutional amendment, defining the jurisdiction of the Supreme Court and the Court of Appeals (Acts 1916, p. 19 [Const. art. 6, sec. 2, par. 5, as amended in 1916, Code, § 2-3005]), the Supreme Court has exclusive jurisdiction to correct errors committed by the several trial courts therein specified, 'in all cases that involve the construction of the constitution of the State of Georgia or of the United States, or treaties between the United States and foreign governments; in all cases in which the constitutionality of any law of the State of Georgia or of the United States is drawn in question,' etc. The Court of Appeals has jurisdiction to correct errors of law from the same courts 'in all cases in which such jurisdiction has not been conferred by this constitution upon the Supreme Court.' The words 'construction of the constitution,' etc., as here employed, contemplate construction where the meaning of some provision of the constitution is directly in question, and is doubtful by force of its own terms or under the decisions of the Supreme Court of the United States or of the Supreme Court of Georgia, and the provision of the constitution in which they are employed is not to be construed as denying to the Court of Appeals jurisdiction of cases which involve mere application of unquestioned and unambiguous provisions of the constitution to a given state of facts. See *Fews* v. *State,* 1 *Ga. App.* 122 (58 S. E. 64); *Cox* v. *State,* 19 *Ga. App.* 283, 289 (91 S. E. 422)." *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114, 116 (99 S. E. 374); *Maner* v. *Dykes,* 183 *Ga.* 118 (187 S. E. 699). Ap-

plying the above principle, the Court of Appeals, and not the Supreme Court, has jurisdiction of the present case.

*Transferred to the Court of Appeals. All the Justices concur.*