LUNSFORD *v.* THE STATE.

No. 12573.   November 22, 1938.

*Carl B. Copeland* and *Durwood T. Pye,* for plaintiff in error.
*John A. Boykin, solicitor-general, John S. McClelland, solicitor,* and *J. Waller LeCraw,* contra.

GRICE, Justice. ■ A question of constitutional law, not raised in the trial of an accusation in the criminal court of Fulton County, but first made in a petition for certiorari to the superior court after verdict in the trial court, is not properly presented for decision. *Mays* v. *State,* 175 *Ga.* 260 (165 S. E. 68).

■ Under the amendment of art. 6, sec. 2, par. 5, of the constitution (Code, § 2-3005), defining the jurisdiction of the Supreme Court and the Court of Appeals, which places jurisdiction in the Supreme Court of "all cases that involve the construction of the constitution of the State of Georgia or of the United States," the words "construction of the constitution," etc., as there used, contemplate construction where the meaning of some provision of the constitution is directly in question and is doubtful by force of its own terms or under the decisions of the Supreme Court of Georgia or of the United States, and not the mere application of unquestioned and unambiguous provisions of the constitution to a given state of facts. *Hodges* v. *Seaboard Loan & Savings Asso.,* 186 *Ga.* 845 (199 S. E. 105).

■ The provisions of the constitution just referred to do not confer upon the Supreme Court jurisdiction in cases involving misdemeanor offenses, unmixed with equitable or constitutional questions.

■ By the constitutional amendment which defines the jurisdiction of the Court of Appeals (art. 6, sec. 2, par. 9, as amended;

**164**

Code, § 2-3009), the Court of Appeals is given jurisdiction as an appellate court in all cases in which jurisdiction has not been conferred by the constitution upon the Supreme Court.

■ In view of the foregoing statutes and rulings, and under the facts of this case, the Court of Appeals, and not the Supreme Court, has jurisdiction of this case.

*Transferred to the Court of Appeals. All the Justices concur, except Russell, C. J., absent because of illness, and* ·

BELL, J., concurring specially. I dissent from the ruling first stated, but concur in the transfer, for the other reasons given.