HEAD, revenue-commissioner, *v.* EDGAR BROTHERS CO.

No. 12594. JANUARY 10, 1939.

M. J. Yeomans, attorney-general, B. B. Zellars, M. L. Allison, and Duke Davis, for plaintiff.

Orville A. Park and Orville A. Park Jr., for defendant.

BELL, Justice. The State Revenue Commission issued an execution against Edgar Brothers Company for income tax alleged to be due under the income-tax act of 1929. The defendant filed an affidavit of illegality, which was sustained by the superior court. Affirmance by the Court of Appeals was reversed by this court. State Revenue Commission v. Edgar Brothers Co., 55 Ga. App. 505 (190 S. E. 623); s.c., 185 Ga. 216 (194 S. E. 505). On the next trial in the superior court the defendant amended its affidavit of illegality by alleging: "The attempt to tax said income would deprive the taxpayer of its property without due process of law and deny to it the equal protection of the law guaranteed to it by the fourteenth amendment of the constitution of the United States, as well as paragraphs 2 and 3 of section 1, article 1, of the constitution of this State." The affidavit of illegality was again sustained by the trial court, and to this judgment the State revenue-commissioner, successor to the original plaintiff in fi. fa., excepted. The writ of error in this instance was made returnable to the Supreme Court, because of the quoted amendment to the affidavit. Did this amendment have the effect of changing the case into one of which this court has jurisdiction? No.

The Supreme Court shall have jurisdiction "in all cases that involve the construction of the Constitution of the State of Georgia or of the United States," and "in all cases in which the constitutionality of any law of the State of Georgia or of the United States is drawn in question." Art. 6, sec. 2, par. 5; Code § 2-3005. "The Court of Appeals has jurisdiction to decide questions of law that involve application, in a general sense, of unquestioned and unambiguous provisions of the constitution to a given state of facts, and that do not involve construction of some constitutional provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of the State or of the United States, and that do not involve the constitutionality of any law of the State or of the United States or any treaty." Gulf Paving Co. v. Atlanta, 149 Ga. 114 (99 S. E. 374). Jurisdiction

is not vested in the Supreme Court merely because it is contended that an action or judgment is or would be contrary to some provision of the constitution. The instant case does not present any question of construction, but involves only the applicability of plain and unambiguous constitutional provisions. This alone does not confer jurisdiction upon the Supreme Court. Nor does the case otherwise fall within the jurisdiction of this court. See *Payne* v. *State,* 180 *Ga.* 609 (180 S. E. 130); *Keeney* v. *State,* 182 *Ga.* 523 (186 S. E. 561); *Turner* v. *State,* 185 *Ga.* 432 (195 S. E. 431); *Campbell* v. *Atlanta Coach Co.,* 186 *Ga.* 77 (196 S. E. 769); *Sanders* v. *State,* 186 *Ga.* 335 (197 S. E. 801); *City of Waycross* v. *Harrell,* 186 *Ga.* 833 (199 S. E. 119). We have not overlooked the *contention* of the plaintiff in error that the amendment to the affidavit had the effect of directly questioning the constitutionality of provisions of the income-tax act of 1929. The defendant did not allege that any portion of this act is unconstitutional. "In order to raise the question of constitutionality of a statute, the statute must be expressly designated, and the provision of the constitution which it violates must be stated." *Loftin* v. *Southern Security Co.,* 162 *Ga.* 730 (2) (134 S. E. 760). See also *Yarbrough* v. *Georgia Railroad & Banking Co.,* 176 *Ga.* 780 (168 S. E. 873); *Wright* v. *Cannon,* 185 *Ga.* 363 (195 S. E. 168).

*Transferred to the Court of Appeals. All the Justices concur.*