## BERRY v. THE STATE.

BELL, Justice. Under the facts of this case the Court of Appeals, and not the Supreme Court, has jurisdiction of the writ of error. As to jurisdiction the case is controlled in principle by the decision in *Sanders* v. *State,* 186 *Ga.* 335 (197 S. E. 801). See *City of Waycross* v. *Harrell,* 186 *Ga.* 833 (199 S. E. 119), *Edgar Brothers Co.* v. *Head,* 187 *Ga.* 409 (200 S. E. 792).

> *Transferred to Court of Appeals. All the Justices concur.*

> No. 12656. FEBRUARY 16, 1939.

*Wilbur B. Nall* and *Barrett & Nall,* for plaintiff in error.

*John S. McClelland, solicitor, John A. Boykin, solicitor-general,* and *J. W. LeCraw,* contra.

## HUBBARD v. JAMES *et al.*

JENKINS, Justice. 1. Where a suit for the cancellation of an instrument was brought by one as the alleged legally-appointed guardian of a person alleged to be insane, and where it indisputably appeared that no such legal appointment had been made, and no effort was made to perfect the suit by supplying a proper party plaintiff, the court did not err in sustaining the defendants' motion to dismiss the petition together with their answer seeking affirmative relief and the response thereto of the allegedly insane person seeking additional affirmative relief in his own name.

2. Accordingly, the judgment of the court dismissing the entire proceedings is affirmed, with direction that the order of dismissal be amended so as to provide that the dismissal be without prejudice to the rights of any of the parties upon the merits of the controversies involved.

> *Judgment affirmed, with direction. All the Justices concur.*

> No. 12688. FEBRUARY 16, 1939.

*I. J. Bussell,* for plaintiff.

*Memory & Memory,* for defendants.