## KIRKLAND *v.* EMPLOYERS LIABILITY ASSURANCE CORPORATION *et al.*

No. 14421.   February 9, 1943.

*James W. Hennessy Jr.,* and *John J. Hennessy,* for plaintiff.
*Abrahams, Bouhan, Atkinson & Lawrence,* for defendants.

Reid, Chief Justice.   Our jurisdiction to consider this case depends entirely on whether it appears from the record that the plaintiff in error, who was a claimant under the workmen's compensation act, has properly attacked one of the provisions of the act as violative of specified provisions of the State and Federal constitutions.   The jurisdictional test has been frequently stated, and will be noticed from an examination of the following cases: *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114 (99 S. E. 374) ; *City of Waycross* v. *Harrell,* 186 *Ga.* 833 (199 S. E. 119) ; *Head* v. *Edgar Bros.,* 187 *Ga.* 409 (200 S. E. 792) ; *United States Fidelity &c. Co.* v. *Edmondson,* 174 *Ga.* 895 (164 S. E. 773) ; *Gaston* v. *Keehn,* 195 *Ga.* post.   The claimant had been awarded compensation under provisions of our workmen's compensation statute as embodied in chapter 114 of the Code, and had received the last payment under such award.   Notice of the making of the last payment had been filed by the insurance carrier with the Industrial Board. Code Ann. 1941, § 114-709.   More than two years after this notice had been given, the claimant filed with the board his petition asserting a change of condition, and seeking a further review of his claim.   The section cited provides: "Upon their own motion before judicial determination or upon the application of any party in interest on the ground of a change in condition, the Industrial Board may, within two years from the date that the board is notified of the final payment of claim, review any award or any settlement made between the parties and filed with the board, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded or agreed upon, subject to the maximum or minimum provided in this title, and shall immediately send to the parties a copy of the award.   No such review

shall affect such award as regards any moneys paid." Counsel for the claimant, at the hearing on his petition before the director of the Industrial Board, contended that the provision of this act, which would cut off his right of review after two years had elapsed from the filing of notice, did not apply, since, as contended, the claimant had not been notified that such a notice had been filed, and there was still pending between him and his employer a dispute as to the finality of payment and award. The director made a finding and held that the claimant was barred by the foregoing provision. After this finding had been entered, apparently at the request of counsel for the claimant, the director "noted . . certain constitutional grounds," and pointed out that it was contended that certain provisions of the constitutions of Georgia and of the United States were violated. The director held in his amended award that they were not violated by the provisions of the Annotated Code, § 114-709, although it does not appear how this challenge was made by the claimant, or wherein he contended, if he formally did so, that the statute violated these provisions referred to as the due-process and equal-protection clauses of both the United States and Georgia constitutions. The Industrial Board approved the findings of the director, and the claimant appealed to the superior court. The main grounds of the appeal complained of the judgment dismissing his application for review, upon the theory that under the facts of the case there had been no final award, and also that the board incorrectly and improperly applied the provisions of the compensation act to the case of the claimant. For instance, in ground one of his appeal it is asserted "The interpretation given to Georgia Code section 114-710, by the director and directors has read into the statute two items: (a) the notice to the board may be given only by the insurance company; and (b) the notice to the board may be made without simultaneous notice to the claimant and without opportunity to the claimant thereby to refute the secret, clandestine, and underhanded act of the insurance carrier," and in the same assignment it is contended "All of the foregoing show that the matter was a subject of dispute, that the employee was still suffering from his injuries, and that both claimant and his counsel reasonably understood that the insurance company would not go behind the back of both of them and by its own single-handed act and claim, fraudulently, that the case was

closed out, and thereby to have the statute of limitations, simulated by the insurance company, to run against the employee."

In ground two of his appeal it is asserted that the "order or decree" of the Industrial Board was contrary, to law, for variously enumerated reasons, one of which is stated as follows: "The statute as construed by the director and directors is unconstitutional, in that it is not construed in the light of due process in procedure, and violates the following constitutional provisions of the State of Georgia and of the United States." Although it is noted that in the appeal the word "statute" is used, the particular provision of the statute is not pointed out or in any way referred to. At another place in the appeal we find Code § 114-710 referred to; but obviously this could not be the section under attack, since it refers to appeals from the findings of the Industrial Board to the superior court. Our court has frequently pointed out that in making a challenge of the validity of a State statute the portion of the statute which it is contended violates the constitution must be clearly stated, the particular provisions which it is claimed are violated must be stated, and it must be further stated wherein and how such provisions are violated. *Abel* v. *State*, 190 *Ga.* 651, 653 (10 S. E. 2d, 198), and cit. In the present case the only pleading or statement that pretends to attack the "statute" as distinguished from the ruling made by the board states that it is unconstitutional "as construed by the director," "in that it is not construed in the light of due process in procedure." This is not sufficient to draw in question "the constitutionality of any law of the State of Georgia." Code, § 2-3005.

"Jurisdiction is not vested in the Supreme Court merely because it is contended that an action or judgment is or would be contrary to some provision of the constitution." *City of Waycross* v. *Harrell; Head* v. *Edgar Bros.*, supra. There being no other basis to give this court jurisdiction to review the questions made, the case is accordingly

*Transferred to the Court of Appeals. All the Justices concur.*