JARVIS *v.* THE STATE.

JENKINS, Presiding Justice. Jarvis was convicted in the criminal court of Fulton County for a violation of the criminal provisions of the usury statutes. His certiorari to the superior court was sanctioned, and subsequently overruled, and that judgment was affirmed by the Court of Appeals. *Jarvis* v. *State,* 69 *Ga. App.* 326 (25 S. E. 2d, 100). Jarvis thereafter filed in the criminal court of Fulton County a petition which, as amended, prayed that all of the said proceedings in said court, including the verdict, judgment, and sentence against him, be vacated, set aside, and treated as null and void on the ground that the proceedings had in the criminal court violated the due-process clause of the State and Federal constitutions, in that, as alleged, his petition for certiorari had been overruled and dismissed by the superior court, and this judgment had been affirmed by the Court of Appeals. It is because of the claimed denial of these constitutional rights that the plaintiff in error asserts the Supreme Court has jurisdiction. *Held:*

A mere assertion that one has been deprived of a right under the constitution of this State or of a right under the Federal constitution is insufficient to confer jurisdiction on the Supreme Court. In order for the Supreme Court to have jurisdiction, the case must involve a "construction of the constitution where the meaning of some provision thereof is directly in question, or is doubtful by force of its own terms or under the decisions of the Supreme Court of the United States or of the Supreme Court of Georgia." Accordingly, since the petition in this case involves a mere application of unquestioned and unambiguous provisions of the constitution to a given state of facts, the Supreme Court is without jurisdiction. *Gulf Paving Co.* v. *Atlanta*, 149 *Ga.* 114, 117 (99 S. E. 374); *Hodges* v. *Seaboard Savings &c. Asso.*, 186 *Ga.* 845 (199 S. E. 105); *Lunsford* v. *State*, 187 *Ga.* 162, 163 (2) (199 S. E. 808); *Head* v. *Edgar Bros. Co.*, 187 *Ga.* 409, 411 (200 S. E. 792); *Gaston* v. *Keehn*, 195 *Ga.* 559 (24 S. E. 2d, 675); *White* v. *State*, 196 *Ga.* 847. 849 (27 S. E. 2d, 695); Code, § 2-3005.

*Transferred to the Court of Appeals. All the Justices concur.*

No. 14861. June 6, 1944.

*C. E. Moore,* for plaintiff in error. *Lindley W. Camp, solicitor, John A. Boykin, solicitor-general,* and *Durwood T. Pye,* contra.