## THOMPSON *v.* THE STATE.

WYATT, Justice. Thompson was convicted in Fulton superior court of the offense of cheating and swindling. A judgment overruling his motion for new trial was reversed by the Court of Appeals; but a rehearing was granted on a motion filed by the State, and the Court of Appeals then rendered a decision affirming the action of the lower court. *Thompson* v. *State*, 67 *Ga. App.* 240 (19 S. E. 2d, 777). Subsequently, Thompson was disbarred from the practice of law in Georgia by an ex parte order of a judge of the superior court of Fulton County, on the ground that he had been convicted of an offense involving moral turpitude. He moved that the judgment of disbarment be set aside on the ground, among others, that the final judgment of the Court of Appeals was void because its first judgment amounted to an acquittal, and the final judgment violated the provisions of the State and Federal constitutions prohibiting double jeopardy; and on the further ground that the judgment of disbarment was entered ex parte and without notice to him and consequently was void, in that it violated the due-process clause of the State constitution. *Held*:

The Supreme Court has jurisdiction "in all cases that involve the construction of the constitution of the State of Georgia or of the United States." Code, § 2-3005. But, "jurisdiction is not vested in the Supreme Court merely because it is contended that an action or judgment is or would be contrary to some provision of the constitution." *Head* v. *Edgar Brothers Co.*, 187 *Ga.* 409 (200 S. E. 792). "The words, 'construction of the constitution,' etc., as here employed, contemplate construction where the meaning of some provision of the constitution is directly in question, and is doubtful by force of its own terms or under the decisions of the Supreme Court of the United States or of the Supreme Court of Georgia; and the provision of the constitution in which they are employed is not to be construed as denying to the Court of Appeals jurisdiction of cases which involve mere application of unquestioned and unambiguous provisions of the constitution to a given state of facts." *Gulf Paving Co.* v. *Atlanta*, 149 *Ga.* 114, 117 (99 S. E. 374); *Head* v. *Edgar Brothers Co.*, supra; *Hodges* v. *Seaboard Savings & Loan Assn.*, 186 *Ga.* 845 (199 S. E. 105); *Gaston* v. *Keehn*, 195 *Ga.* 559 (24 S. E. 2d, 675); *White* v. *State*, 196 *Ga.* 847, 849 (27 S. E. 2d, 695); *Jarvis* v. *State*, 197 *Ga.* 704 (30 S. E. 2d, 484). Accordingly, since the constitutional questions involved do not call for a construction of any constitutional provision, but merely the application of unquestioned and unambiguous provisions of the constitution to a given state of facts, the Supreme Court is without jurisdiction.

*Transferred to the Court of Appeals. All the Justices concur.*

No. 15136. MAY 9, 1945.

*Robert B. Blackburn* and *H. A. Allen,* for plaintiff in error.

*E. E. Andrews, solicitor-general, E. A. Stephens,* and *Durwood T. Pye,* contra.