DADE COUNTY *et al. v.* STATE OF GEORGIA *et al.*

No. 15562. SEPTEMBER 5, 1946.

*Gleason & Painter,* for plaintiffs in error.

*J. H. Paschall, Solicitor-General,* and *Shaw & Shaw,* contra.

CANDLER, Justice. (After stating the foregoing facts.) ■ It is always the duty of this court, with or without motion of a party, to consider the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction; and the present case is one calling for such inquiry. *Dobbs* v. *Federal Deposit Ins. Corp.,* 187 *Ga.* 569 (1 S. E. 2d, 672); *McDowell* v. *McDowell,* 194 *Ga.* 88 (20 S. E. 2d, 602); *Brockett* v. *Maxwell,* 200 *Ga.* 38 (36 S. E. 2d, 638). The question of this court's jurisdiction of the instant case depends on whether the intervention, as amended, of Cason Nichols involves a construction of the due-process clauses of the Constitutions of the State of Georgia (Code, § 2-103), or of the United States (Code, § 1-815), and whether the constitutionality of any law of the State of Georgia is drawn in question; there being in the record no other ground upon which such jurisdiction could be thought to rest.

■ A proceeding to confirm and validate revenue-anticipation certificates is one which falls within the jurisdiction of the Court of Appeals and not the Supreme Court. Code (Ann. Supp.), §§ 2-3704, 2-3708; *Veal* v. *Deepstep Consolidated School Dist.,* 34 *Ga. App.* 67 (128 S. E. 223); *Daniel* v. *Claxton,* 35 *Ga. App.* 107 (132 S. E. 411). But when a question involves a construction of the Constitution or when the constitutionality of a statute is brought in question, the Supreme Court has jurisdiction. *Gracen* v. *Savannah,* 142 *Ga.* 141 (82 S. E. 453); *Stewart* v. *County of Bacon,* 148 *Ga.* 105 (95 S. E. 983); *Crawley* v. *State,* 150 *Ga.* 86 (102 S. E. 898); *Stephens* v. *School Dist. No. 3, Habersham County,* 154 *Ga.* 275 (114 S. E. 197); *Jennings* v. *New Bronwood School Dist.,* 156 *Ga.* 15 (118 S. E. 560). The Supreme Court shall have jurisdiction "in all cases that involve the construction of the Constitution of the State of Georgia or of the United States," and "in all cases in which the constitutionality of any law of the State of Georgia or of the United States is drawn in question." Art. 6, sec. 2, par. 4, Constitution 1945; Code (Ann. Supp.), § 2-3704.

(a.) "The Court of Appeals has jurisdiction to decide questions of law that involve application, in a general sense, of unquestioned and unambiguous provisions of the Constitution to a given state of facts, and that do not involve construction of some constitutional provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of the State or

of the United States." *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114 (99 S. E. 374). See also *Howell* v. *State,* 153 *Ga.* 201 (111 S. E. 675); *Thompson* v. *State,* 174 *Ga.* 804 (164 S. E. 202); *United States Fidelity & Guaranty Co.* v. *Edmondson,* 174 *Ga.* 895 (164 S. E. 773); *Dennard* v. *State,* 176 *Ga.* 361 (168 S. E. 310); *Maner* v. *Dykes,* 183 *Ga.* 118 (187 S. E. 669); *Hodges* v. *Seaboard Savings & Loan Association,* 186 *Ga.* 845 (199 S. E. 105); *Head* v. *Edgar Bros. Co.,* 187 *Ga.* 409 (200 S. E. 792); *White* v. *Georgia,* 196 *Ga.* 847 (27 S. E. 2d, 695); *Thompson* v. *State,* 199 *Ga.* 250 (33 S. E. 2d, 903). Jurisdiction is not vested in the Supreme Court because it is contended that a judgment of confirmation and validation would be contrary to some provision of the Constitution. *Head* v. *Edgar Bros. Co.,* supra. The present case does not present any question of construction, but involves only the applicability of plain and unambiguous constitutional provisions to a given state of facts. This alone does not confer jurisdiction on the Supreme Court.

(b) Are the allegations of the intervention sufficient to draw into question the constitutionality of the act of 1937 (Ga. L. 1937, p. 761), or any part thereof? We think not. It is a grave matter for this court to set aside an act of the co-ordinate legislative department, and vague and indefinite attacks can not be considered. *Savannah, Florida & Western Ry. Co.* v. *Hardin,* 110 *Ga.* 433 (35 S. E. 681); *Stegall* v. *Southwest Ga. Housing Authority,* 197 *Ga.* 571, 582 (30 S. E. 2d, 196). In order to raise a question as to the constitutionality of a "law," at least three things must always be shown: (1) The statute or part of a statute which the party would challenge must be stated, or pointed out with fair precision; (2) the provision of the Constitution which it is claimed has been violated must be clearly designated; and (3) it must be shown wherein the statute violated such constitutional provision. *Abel* v. *State,* 190 *Ga.* 651 (10 S. E. 2d, 198); *Emerson* v. *Southwest Georgia Regional Housing Authority,* 196 *Ga.* 675 (27 S. E. 2d, 334); *Stegall* v. *Southwest Ga. Housing Authority,* supra. Nothing less would comport with the requirement of good pleading, to the effect that a party shall plainly, fully, and distinctly set forth his cause of action, legal or equitable. Code, § 81-101. Measured by the foregoing rules, how stands the present case? We do not apprehend that able counsel intended for one moment to draw in question the

act of 1937 in its entirety, because if successful in that stroke he would annihilate the act as a whole, thus destroying the very foundation of his client's property rights. In cases where a statute was challenged as a whole, it has been said by this court that the attack would necessarily fail unless the statute was invalid in every part for some reason alleged. *Atlantic Loan Co.* v. *Peterson,* 181 *Ga.* 266 (182 S. E. 15) ; *Miller* v. *Head,* 186 *Ga.* 694 (198 S. E. 680) ; *Stegall* v. *Southwest Ga. Housing Authority,* supra. The certificates purchased were issued under authority only of the act, and their validity depends upon the act being upheld. Properly construed, the attack is this: That the intervenor was under contract to purchase from Dade County certain water-revenue-anticipation certificates issued under authority of the act of 1937, which had been confirmed and validated and which were to be paid from proceeds derived from a sale of water in the district. An attempt was being made by the City of Trenton to create a separate water district within the Dade County water district and to issue certificates to be paid from proceeds derived from the sale of water therein. If this was permitted, the result would be to lessen the security that he had for the payment of his certificates, and thus impair the obligation of his contract, and in so far as the act of 1937 might permit this to be done it is unconstitutional. The attack as thus made on the constitutionality of the act fails to point out what part of the act might permit this to be done. So far as the pleadings here show, the act may expressly authorize or prohibit this. The attack also fails to clearly and distinctly show wherein the act violates the provision of the Constitution which prohibits the passage of any legislation impairing the obligations of a contract. An allegation that the act of 1937 is unconstitutional in so far as it *might* permit the creation of a water district by the City of Trenton and the issue of certificates to be paid from proceeds derived from a sale of water therein, and thus destroy existing contractual rights now held by intervenor, is too vague and indefinite to draw into question the constitutionality of the act of 1937 or any part thereof. *Payne* v. *State,* 180 *Ga.* 609 (180 S. E. 130) ; *Keeney* v. *State,* 182 *Ga.* 523 (186 S. E. 561) ; *Turner* v. *State,* 185 *Ga.* 432 (195 S. E. 431) ; *Campbell* v. *Atlanta Coach Co.,* 186 *Ga.* 77 (196 S. E. 769) ; *Sanders* v. *State,* 186 *Ga.* 335 (197 S. E. 801) ; *City of Waycross* v. *Harrell,* 186 *Ga.* 833 (199 S. E. 119).

■ The plaintiff in error contends that jurisdiction is vested in this court by the Code, § 87-304, which provides that a dissatisfied party in a proceeding to confirm and validate bonds may bring the case to the Supreme Court for review. Conceding that the section did contain such a provision for review by this court, but not holding that it had the effect of doing so, the contention is incorrect because the provision of that section relating to review by the Supreme Court was superseded by the Constitution of 1945, defining the jurisdiction respectively of the Supreme Court and the Court of Appeals. Code (Ann. Supp.), §§ 2-3704, 2-3708; *Payne* v. *State,* supra.

From what has been said, it follows that the Court of Appeals and not this court has jurisdiction.

*Transferred to the Court of Appeals. All the Justices concur.*