21102. NATIONAL LINEN SERVICE CORPORATION
v. THOMPSON, Tax Commissioner.

ARGUED JANUARY 10, 1961—DECIDED JANUARY 20, 1961.

*Haas, Holland & Zinkow, William M. Sinrich,* for plaintiff in error.

*Geo. B. Haley, Jr., Smith, Kilpatrick, Cody, Rogers & Mc-Clatchey,* for parties at interest.

*Eugene Cook, Attorney-General, Ben F. Johnson, Robert W. Goodman, Deputy Assistant Attorneys-General, E. Harold Sheats,* contra.

ALMAND, Justice. The bill of exceptions assigns error on the sustaining of a traverse to an affidavit of illegality of the plaintiff in error to a fi. fa. issued by the defendant in error on motions for a summary judgment. The bill of exceptions recites that "the court erred in holding that the assessment and collection of such tax does not violate the Constitution of the State of Georgia and the Constitution of the United States." The affidavit of illegality asserted that the fi. fa. was based on an assessment of taxes on personal property of the defendant in fi. fa. for named years under the provision of the Intangibles Tax Act of 1937-38, Ex. Sess., p. 157 (*Code Ann.* § 92-113). It was alleged that the assessment, the execution, and the levy do "not give effect to section 3(f)" of the act of 1938 (*Code Ann.* § 92-122), and "as to the $887.05 of said amount (including $598.63) described in paragraph (2), in the event that defendant in fi. fa. is not entitled to the effect of section 3(f) of the act approved December 27, 1937, as alleged in said paragraph), defendant in fi. fa. shows that the assessment of intangible-property taxes or the intangibles described in paragraph (13), the execution and the levy with respect thereto, are violative of the due-process clause of the Fourteenth Amendment of the Constitution of the United States, which, in its pertinent part, provides: '. . . nor shall any State deprive any person of life, liberty, or property without due process of law. . .' in that same constitutes taxation of intangible property which has acquired a taxable situs beyond the territorial limits of the State of Georgia, and which the State of Georgia, therefore, has no jurisdiction to tax. As to said $887.05 (including the $598.63

described in Par. 20), defendant in fi. fa. also shows that the assessment of intangible property on the intangibles described in paragraph (15), the execution and the levy with respect thereto, are violative of the due-process clause of the Constitution of Georgia (Article I, Section I, Paragraph 3; *Ga. Code Ann.* 2-103), which provides: 'No person shall be deprived of life, liberty or property except by due process of law' in that same constitutes taxation of intangible property which has acquired a taxable situs beyond the territorial limits of the State of Georgia, and which the State of Georgia, therefore, has no jurisdiction to tax."

No attack is made on the constitutionality of any statute, nor is the construction of any provision of the Constitution sought in the pleading. The trial court did not pass upon the validity of any statute or construe any provision of the Constitution. "Where an affidavit of illegality of execution alleged that if the effect of certain statutes was merely to renew special bank charters without subjecting the banking corporation to the provisions of the general law, the statutes were violative of specified parts of the Constitution, and exceptions to a judgment overruling the demurrer related solely to construction placed on the statutes and to inapplicability of the specified parts of the Constitution, no such constitutional question was presented as to bring the case on writ of error within the jurisdiction of the Supreme Court." *Gormley v. Searcy,* 179 Ga. 389 (175 S. E. 913).

The affidavit of illegality not drawing into question the construction of the Constitution of Georgia or the constitutionality of any law of the State, but only the application of unambiguous provisions of the Constitution of Georgia to a given state of facts, the Court of Appeals, and not this court, has jurisdiction to entertain this writ of error. See *City of Waycross v. Harrell,* 186 Ga. 833 (199 S. E. 119), and *Head v. Edgar Bros. Co.,* 187 Ga. 409 (200 S. E. 792).

*Transferred to the Court of Appeals. All the Justices concur.*