24762.    WIGGINS et al. v. CITY OF MACON.

UNDERCOFLER, Justice.    Only alleged errors occurring in the lower court may be enumerated in an appeal, and a statute may not be attacked for the first time as unconstitutional in an enumeration of error so as to give this court jurisdiction of the appeal, the same being merely surplusage and not an enumeration of error. *Law v. State*, 219 Ga. 583 (134 SE2d 776); *Kohl v. Manning*, 223 Ga. 755 (158 SE2d 375).

The Court of Appeals has jurisdiction to decide the other questions of law that involve the application, in a general sense, of unquestioned and unambiguous provisions of the Constitution to a given state of facts and that do not involve construction of some constitutional provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of Georgia or the Supreme Court of the United States. *Gulf Paving Co. v. City of Atlanta*, 149 Ga. 114 (99 SE 374); *Dade County v. State of Ga.*, 201 Ga. 241, 244 (2) (39 SE2d 473).

A proceeding to condemn land does not present a case respecting title to land so as to vest jurisdiction in the Supreme Court. *Stewart v. Bd. of Commrs. of Echols County,* 192 Ga. 139 (1) (14 SE2d 728); *Wilson v. State Hwy. Dept.,* 208 Ga. 510 (67 SE2d 578); *Housing Authority of City of Calhoun v. Spink,* 210 Ga. 718 (82 SE2d 502). Since no basis for equitable relief is shown and this court does not otherwise have jurisdiction of this case, it is

*Transferred to the Court of Appeals. All the Justices concur.* ARGUED SEPTEMBER 9, 1968—DECIDED SEPTEMBER 24, 1968.

*Tully M. Bond, Jr.,* for appellants.
*Shi & Raley, F. Robert Raley,* for appellee.