STATE, *ex rel.* J. E. PEACOCK, v. E. A. LATHAM, Chairman of Board of County Commissioners, and O. G. SAGE, Supervisor of Registration of Volusia County, Florida, as and constituting a majority of the County Canvassing Board of Volusia County, Florida, *et al.*

170 So. 472.
Division B.
Opinion Filed October 22, 1936.

Scarlett & Futch and Stewart & Stewart, for Relator;

Francis P. Whitehair, Hull, Landis & Whitehair, Walter A. Shelley, Horton W. Mabry, S. R. Dighton, J. U. Gillespie, Smith & Fuller, H. E. Couchman, Horn & Ossinsky, H. B. Hodgden and John S. Byington, for Respondents;

Frank D. Upchurch and Fred R. Wilson, for Thomas N. Tappy.

PER CURIAM.—This case comes now before us on certificates of compliance by the respective Boards of Election Inspectors and Clerks, Respondents herein.

The Boards of Inspectors and Clerks officiating in precincts 7, 21, 10, 10A, 10B and 24 have each added to their certificates of compliance certain statements in which they each in effect contend that the original count, tally and return was correct and that the ballots found in the boxes, respectively, were not as they were when counted, sealed and delivered to the Supervisor of Registration.

The Court also has before it testimony taken at both the original hearing and during the proceedings of recount at DeLand. There is also presented motion to recall portion of peremptory writ of mandamus, motion that the Canvassing Board of Volusia County do now proceed to execute the terms of the original writ of mandamus issued herein on

October 14, 1936, and motion for a Constitutional Writ addressed to the Board of County Commissioners of Volusia County, Florida, in effect requiring the Board of County Commissioners to reprint the ballots, printing the name of J. E. Peacock as nominee of the Democratic Party in lieu of the name of Thomas N. Tappy.

In our opinion filed herein on October 14, 1936, we approved the rule stated in the case of Tebbe v. Smith, 108 Cal. 101, 41 Pac. 454, 29 L. R. A. 673, in the following language:

"Where a mode of preservation is enjoined by the statute, proof must be made of a substantial compliance with the requirements of that mode. But such requirements are construed as directory, merely, the object looked to being the preservation inviolate of the ballots. If this is established it would be manifestly unjust to reject them merely because the precise mode of reaching it had not been followed. So, too, when a substantial compliance with the provisions of the statute has been shown, the burden of proof shifts to the contestee, of establishing that, notwithstanding this compliance, the ballots have in fact been tampered with, or that they have been exposed under such circumstances that a violation of them might have taken place. But this proof is not made by a naked showing that it was possible for one to have molested them. The law cannot guard against a mere possibility, and no judgment of any of its courts is ever rendered upon one. When all this has been said, it remains to be added that the question is one of fact to be determined in the first instance by the jury or trial judge; and, while the ballots should be admitted only after clear and satisfactory evidence of their integrity, yet, when they have been admitted, this court will not disturb the

ruling, unless we, in turn, are as well satisfied that the evidence does not warrant it."

We find from the evidence produced in this case that the statutory method of preserving the integrity of ballots has been substantially complied with. Therefore, this having been done, the burden of proof shifted to the respondents to establish that notwithstanding this compliance, the ballots have in fact been tampered with, or that they have been exposed under such circumstances that a violation of them might have taken place. This proof is not made by naked showing that it is possible for one to have molested them. The respondents have not met this burden and the Court holds that the recount as made under the direction of this Court, as shown by the certificates of compliance filed herein, reflects the true and correct status of the votes cast in the Primary Election of June 2, 1936, in the respective precincts involved for J. E. Peacock and Thomas N. Tappy, respectively, as candidates for County Judge of Volusia County, Florida.

In our Order of October 14, 1936, we suspended the execution of that part of the peremptory writ reading as follows: "and you, the said E. A. Latham, and O. G. Sage, as members of said County Canvassing Board, to meet immediately thereafter with the Relator herein as the other member of said County Canvassing Board of Volusia County, Florida, forthwith, to receive and canvass such returns and make a complete re-canvass of the returns of the vote cast in Volusia County, Florida, for the respective candidates for nomination to the office of County Judge, and to certify as required by law the result of such canvass and recanvass; and you, and each of you, are hereby further commanded and required to file in the office of the Clerk of the Supreme Court of Florida on or before 10:00 o'clock

A. M., Wednesday, October 21, 1936, certificate or certificates showing your compliance with the commands of this writ," until the further order of the Court.

That Order of October 14, 1936, is now cancelled and annulled and it is now ordered that the Respondents, E. A. Latham and O. G. Sage, as members of the Canvassing Board, and the other member of said Canvassing Board, the Relator herein, do now proceed to execute the commands of the peremptory writ as directed to them hereinabove quoted.

It is ordered that the motion for a Constitutional Writ to be directed to the Board of County Commissioners commanding them to reprint the ballots substituting the name of J. E. Peacock for that of Thomas N. Tappy as nominee for County Judge, be denied because this Court has not acquired jurisdiction of the members of the said Board of County Commissioners and, therefore, is without power to require the said Board of County Commissioners to execute its order.

The motion to recall that portion of the Writ of Mandamus last above referred to is denied.

So ordered.

WHITFIELD, C. J., and TERRELL, BUFORD, and DAVIS, J. J., concur.

ELLIS, P. J., dissents.

ELLIS, P. J. (dissenting).—I do not agree that the motion to require the County Canvassing Board to proceed to a recanvass of the amended returns of the several inspectors of election should be granted because to require such a thing to be done is a futile act for the reason that it would be preliminary to a reprinting of the ballots which mandatory duty of the County Commissioners to perform has

already been performed and the election, in view of the absentee voters statute, has begun.

As to the motion to recall a portion of the peremptory writ of mandamus, I think that the same should be granted upon the ground above stated, and upon the further ground that the Canvassing Board is not at this date in the circumstances required to certify the result of the recount.

I agree to the denial of the motion for a constitutional writ to compel the County Commissioners of Volusia County to cause to be printed and distributed for use in the General Election to be held November 3, 1936, official ballots bearing the name of the alleged nominee as determined by a recount recently made for the office of County Judge for Volusia County, Florida, upon the grounds that the County Commissioners have already, in compliance with a mandatory statute requiring the printing of ballots for the general election, fully complied with their duty, and such ballots have been distributed and in view of the absentee voter law are available for use, and in law the election has already begun.