104 So.2d 727 (1958)
August M. CARMAZI and Lester M. Muhn, Appellants,
v.
BOARD OF COUNTY COMMISSIONERS OF DADE COUNTY, Florida, and Central and Southern Florida Flood Control District Appellees.
Jesse D. HAROLD and Mary E. Harold, his wife, Rudolph R. Radinse and Hilda E. Radinse, His Wife, Dave Anderson, Jr., and Jane G. Anderson, his wife, A.L. Shirley and Grace A. Shirley, his wife, Carl Flock and Vera Pierce Flock, His Wife, Walter C. McKelvey and Velma M. McKelvey, His Wife, Robert McKay and James Pumo, Appellants,
v.
CENTRAL AND SOUTHERN FLORIDA FLOOD CONTROL DISTRICT, Appellee.
Supreme Court of Florida.
July 18, 1958.
Rehearing Denied September 8, 1958.
Charles J. Bodner, Miami, for August M. Carmazi and Lester M. Muhn.
Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, John H. Wahl, Jr., Miami, for Jesse D. Harold and others.
*728 Robert M. Deehl, Miami, for Robert McKay.
Darrey A. Davis and Thomas C. Britton, Miami, for Board of County Commissioners of Dade County, Florida.
Sturrup & Gautier, Miami, for Central and Southern Florida Flood Control Dist.
THORNAL, Justice.
Appellants in both of the above styled cases seek reversal of a final decree adverse to their claim that appellee Central and Southern Florida Flood Control District proposes to encroach upon their property rights in the construction of a proposed dam.
We are compelled to dispose of the matter on jurisdictional grounds.
Little River is a navigable stream running through the City of Miami and emptying into Biscayne Bay. A number of years ago Dade County constructed a dam across the river in the vicinity of Northwest 2nd Avenue. Appellants Carmazi and Muhn owned property abutting the river west of and upstream from the dam. The effect of the dam was, of course, to prevent these two appellants from reaching the waters of Biscayne Bay from their property by boat. In 1956, Carmazi and Muhn filed suit asking the court to adjudicate their property rights and to award them damages against Dade County because of the construction of the dam. Pending this suit appellee Central and Southern Florida Flood Control District, hereinafter referred to as the Flood Control District, was permitted to intervene on the basis of a petition that the Flood Control District contemplated constructing a similar dam further downstream. The effect of this dam would prevent the other appellant property owners from reaching the waters of Biscayne Bay by boat from their property which also was adjacent to Little River.
On August 29, 1956, the Chancellor ruled in favor of Dade County as against appellants Carmazi and Muhn. He dismissed their complaint with prejudice and reserved jurisdiction to consider the matter as between all appellants and the Flood Control District. Inasmuch as appellants Carmazi and Muhn did not appeal from the decree of August 29, 1956, until October 18, 1957, the Board of County Commissioners of Dade County has heretofore been dismissed from this appeal. The decree of August 29, 1956 was final insofar as Dade County was concerned.
Finally, on August 23, 1957, the Chancellor considered the matter on the basis of the intervening complaint of the Flood Control District which sought a declaration of rights as between the District and all parties to the litigation. The purpose of this intervening complaint was to have the Chancellor determine whether the owners of property adjoining Little River were vested with any property rights that would be impinged upon by the construction of the proposed dam by the Flood Control District. The Chancellor concluded that the Flood Control District had the power to construct the dam; that it was for a public purpose; that its construction involved no abuse of discretion by the District; and that the abutting property owners were not vested with a property right that would require payment of damages by the Flood Control District as a result of their being barred from passage by boat from their property into the waters of Biscayne Bay. Other matters were adjudicated but it is unnecessary to discuss them here. We do not pass on the merits of any of them. This decree was entered August 23, 1957, and is brought here for review by notice of appeal filed by all of the appellants named above.
In view of the amendment of Article V, Florida Constitution, F.S.A., which became effective July 1, 1957, and particularly Section 4 of Article V, it has become necessary for this court many times to consider carefully the outer limits of its jurisdiction as defined by the Constitution. It is oftentimes with reluctance that we are compelled by the well-defined limits of *729 our jurisdiction to transfer to other appellate courts cases which are of obvious importance but which, nonetheless, do not fall within any area of the jurisdiction of this court as delineated by the Constitution. In such instances we have no discretion in the matter. It is purely a situation where this court does not have the jurisdiction to consider the appeal. The instant case appears to us to be such a situation.
The appellants apparently have come here pursuant to that portion of Article V, Section 4, Florida Constitution, which authorizes an appeal to this court as a matter of right from a final decree "construing a controlling provision of the Florida or federal constitution". It also appears that appellants undertake to bring their cause within our jurisdiction by pointing to Section 12, Declaration of Rights, Florida Constitution, F.S.A., which provides in part: "nor shall private property be taken without just compensation". In addition and assuming that Article XVI, Section 29, is applicable to the Flood Control District, we are referred to the provisions of that section which provides that "No private property, nor right of way shall be appropriated to the use of any corporation or individual until full compensation therefor shall be first made to the owner, * * *."
The significant jurisdictional aspect of the matter before us simply is that the Chancellor by his decree did not undertake to "construe" any controlling provision of the state or federal constitution. It is admitted by all of the briefs and it is implicit in the contentions of all parties that if the appellants have a property right which would be appropriated or taken as the result of the construction of the proposed dam by the Flood Control District, then they would be entitled to just compensation under the Constitution. All that was determined by the final decree simply added up to the proposition that appellants did not have a property right that was being invaded. Rather than being called upon to "construe" a controlling provision of the Constitution, the Chancellor was required merely to determine whether a private property right existed. If he had determined that the appellants had a property right that was being invaded, then admittedly in the view of all parties he would have applied the Constitution and required compensation.
The question which the Chancellor decided did not involve a construction of the Constitution. It merely involved a determination of the question as to whether a property right existed. Having determined that none did exist, it became unnecessary for the Chancellor to apply the constitutional provisions. At no event was he called upon to construe or interpret the Constitution itself.
We think we are here confronted with a situation almost identical with that presented to us in Milligan v. Wilson, Fla., 104 So.2d 35. Here, as there, the order of the trial judge fails to reveal any judicial construction or interpretation of either the state or federal constitution. Consequently, there can be no basis for the exercise of jurisdiction by this court under Article V, Section 4, Florida Constitution.
On the authority of the cited case and in accord with 31 F.S.A. Rule 2.1, subd. a (5) (d) Florida Appellate Rules, the notices of appeal and all other papers filed in these appeals shall at the expiration of five days from the filing of this opinion be transferred to the District Court of Appeal of Florida, Third District.
It is so ordered.
TERRELL, C.J., and HOBSON and ROBERTS, JJ., concur.
DREW, J., concurs specially.
DREW, Justice (concurring specially).
The Constitution of Georgia provides that the Supreme Court of that State shall have jurisdiction "in all cases that involve the construction of the Constitution of the *730 State of Georgia or of the United States" and "in all cases in which the constitutionality of any law of the State of Georgia or of the United States is drawn into question." Const. art. 6, § 2, par. 4. In construing the first quoted provision, the Supreme Court of Georgia in the case of Dade County v. State of Georgia, 201 Ga. 241, 39 S.E.2d 473, 476, said:
"Jurisdiction is not vested in the Supreme Court because it is contended that a judgment of confirmation and validation would be contrary to some provisions of the constitution. * * * The present case does not present any question of construction, but involves only the applicability of plain and unambiguous constitutional provisions to a given state of facts. This alone does not confer jurisdiction on the Supreme Court." (Emphasis added.)
In Thompson v. State, 199 Ga. 250, 33 S.E.2d 903, the Supreme Court of Georgia said:
"`The words "construction of the Constitution," etc., as here employed, contemplate construction where the meaning of some provision of the Constitution is directly in question, and is doubtful by force of its own terms or under the decisions of the Supreme Court of the United States or of the Supreme Court of Georgia, and the provision of the Constitution in which they are employed is not to be construed as denying to the Court of Appeals jurisdiction of cases which involve mere application of unquestioned and unambiguous provisions of the Constitution to a given state of facts.'"
In the instant case the constitutional provision involved is plain and unambiguous. Mr. Justice Thornal in the foregoing opinion forcefully points out the fact that the real question involved is merely the application of a given state of facts thereto. Under such circumstances, the jurisdiction to determine such question is plainly in the District Court of Appeal.