PER CURIAM.
Counsel for the appellee heretofore filed in this cause a motion to require the City of Miami Beach to post a supersedeas bond in order for the appellant-city to stay the effect of a peremptory writ of mandamus issued to said city in the circuit court. *600 Thereupon this court entered its order filed December 14, 1958, allowing said motion to be withdrawn and provided for the acceleration of the appeal.
Upon the filing of briefs and the cause having been set for oral argument in accordance with the acceleration and the agreement of both parties to the appeal, the opinion and judgment of this court was filed January 29, 1959, 108 So.2d 614. The appellant-city, thereafter filed a petition for rehearing and notice of intention to petition the Supreme Court for writ of certiorari; all in accord with the provisions of Florida Appellate Rule 4.5, subd. c, and thereby staying issuance of our mandate pending possible application for certiorari to the Supreme Court of Florida.
Whereupon the appellee moved for immediate issuance of the mandate of this court; which said motion this court by order filed March 3, 1959, 109 So.2d 204, denied without prejudice to appellee to renew its application for supersedeas bond under § 59.14, Fla.Stat., F.S.A.
This cause then came on for hearing upon appellee’s renewed motion for super-sedeas bond. Upon oral argument of said motion it was announced by appellant that no petition for certiorari has been filed in the Supreme Court of Florida and that filing of such petition for certiorari is not immediately anticipated; and it appears that the circuit court’s judgment granting a peremptory writ of mandamus is now being superseded by the force of the notice of appeal lodged in this court (under § 59.-14, Fla.Stat., F.S.A.), although this court has rendered its opinion and judgment on that appeal.
After hearing argument on the motion to require supersedeas bond, and further considering the particular wording of § 59.14, the statute under which a supersedeas bond could be required, we have concluded that the motion must be denied.
By virtue of § 59.14, Fla.Stat., F.S.A., the city’s appeal to this court operated to “stay the execution or performance of the judgment, decree, or order appealed from,” and no supersedeas bond is needed unless the “appellate couit” shall require it. The statute then provides that the “appellate court” may, on a showing of good cause, require a supersedeas bond "as a condition for the further prosecution of the appeal.” (Italics supplied).
Counsel for the city, on noting that this court has already rendered its decision on the appeal, and has denied petition for rehearing, contended there is no office for a supersedeas bond, under the statute, in this court. Should we now order the filing of such a bond, we could not include the customary condition bearing on the result of this court’s decision of the appeal, as our decision has already been made. The condition authorized under the statute as to further prosecution of the appeal, would be a useless and inappropriate condition at this stage of the appeal in this court. We point out, as argued on behalf of the city, that following the filing of the notice of intent to apply to the Supreme Court for certiorari, the further appellate proceedings would be in the Supreme Court, and as to such further proceedings the Supreme Court would be the “appellate court” for purposes of § 59.14, Fla.Stat., F.S.A.
Counsel for the appellee hotel corporation argued that appellee is caught in a procedural trap, because of the application of § 59.14 which makes the city’s appeal to this court an automatic stay of the circuit court judgment, and the effect of Florida Appellate Rule 4.5, subd. c(6), 31 F.S.A., under which the city’s notice of intention to apply for a certiorari to the Supreme Court operates to stay this appellate court’s judgment during the 60-day period in which the city may or may not take a certiorari to the Supreme Court and for the further period, until disposed of, if the certiorari is applied for. Counsel for appellee insist that this court should either require a super-sedeas bond under § 59.14, or make an order, under Art. 5, § 5(3), Fla.Const., 26 F.S. *601 A., in aid of jurisdiction, for supersedeas bond or to vacate the stay of the mandate, in order that the exercise of this court’s jurisdiction be effective, contending- that the Supreme Court,.in spite of its authority under § 4(2) of Article 5 of the Constitution, to “issue all writs necessary or proper to the complete exercise of its jurisdiction”, is without power to require super-sedeas bond or to make any order in aid of its jurisdiction in this case, because no appeal or petition for certiorari has yet been filed in the Supreme Court to review this court’s decision.
The matter of the jurisdiction of the Supreme Court is for that court to determine, and ordinarily does not call for comment or expression of opinion by this court. However, since ap-pellee’s counsel have argued that if any such order for supersedeas or other order in aid of appellate jurisdiction is made, it must be made by this court, and may not be made by the Supreme Court, we direct attention to the numerous instances in the federal courts in which it has been held, as to the power of appellate courts to issue necessary writs in aid of appellate jurisdiction (under the “all writs” statute, 28 U.S. C.A. § 1651) that power to issue such writs or orders exists, not only after appeals have been filed, but prior to the filing of such appeals in aid of appellate jurisdiction which is only potential and incipient. See, e. g., McClelland v. Carland, 1910, 217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762; Roche v. Evaporated Milk Association, 1943, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185; United States v. United States District Court, 1947, 334 U.S. 258, 68 S.Ct. 1035, 92 L.Ed. 1351; Henderson Tire & Rubber Co. v. Reeves, 8 Cir., 1926, 14 F.2d 903, certiorari denied 273 U.S. 744, 47 S.Ct. 336, 71 L.Ed. 870; Hydraulic Press Mfg. Co. v. Moore, 8 Cir., 1950, 185 F.2d 800; In re Previn, 1 Cir., 1953, 204 F.2d 417; United States v. United States District Court, 9 Cir., 1953, 206 F.2d 303; United States v. United States District Court, 4 Cir., 1956, 238 F.2d 713, certiorari denied Valley Bell Dairy Co. v. U.S., 352 U.S. 981, 77 S.Ct. 382, 1 L.Ed.2d 365.
For the reasons stated the appellee’s motion to require the appellant city to file a supersedeas bond is denied, without prejudice.
CARROLL, CHAS., C. J., and HORTON and PEARSON, JJ., concur.