WIGGINTON, Acting Chief Judge.
Petitioners seek review by certiorari of an interlocutory order entered in an eminent domain proceeding which denied their motion to dismiss the action on the grounds (1) that F.S. Section 74.051, F.S.A., authorizing the entry of an order or judgment based upon a declaration of taking is unconstitutional; (2) that the complaint is insufficient because of a failure to attach thereto as exhibits certain items of proof deemed by petitioners to be essential; and, (3) refusal of the trial court to permit petitioners to call and examine a witness for the purpose of establishing facts alleged by them to show fraud or bad faith in the institution of this action.
Since the principal point raised by the petition for certiorari challenges the correctness of the trial court’s ruling that F.S. Section 74.051, F.S.A., authorizing the entry *842 of judgment on declaration of taking, is constitutional and valid, this action was first commenced in the Supreme Court of Florida. Article V, Section 4, Florida Constitution, F.S.A., fixing the jurisdiction of the Supreme Court provides that appeals from trial courts may be taken directly to the Supreme Court, as a matter of right, from final judgments or decrees directly passing upon the validity of a state statute * * *. For reasons unexpressed in its order, the Supreme Court declined to grant the review sought by the petition filed herein, and transferred the case to this court for its consideration.
Article V, Section 5(3), Florida Constitution, provides that appeals from trial courts may be taken to the courts of appeal as a matter of right from all final judgments or decrees except those from which appeals may be taken directly to the Supreme Court or to the circuit court
Since this court possesses no constitutional jurisdiction to review a final decree passing upon the validity of a state statute, which jurisdiction is vested exclusively in the Supreme Court, we consider and so hold that by the same token we have no jurisdiction to pass upon this type of question in an interlocutory review by certiorari as is sought in this case. Being of the view, however, that petitioners, as well as all affected state officials, agencies, and property owners, are entitled to a definitive adjudication with respect to the validity of the declaration of taking provisions of our statutes governing proceedings in eminent domain, and no good reason appearing why a definitive adjudication of this issue cannot be made by the Supreme Court at this stage of the proceeding as well as after final judgment is ultimately entered in this case, we shall file our certificate to the effect that this decision involves a question of great public interest in order that the Supreme Court may again be requested to review and adjudicate the question at this time.
We have carefully considered the remaining points raised by the petition for writ of certiorari, and the authorities submitted in support thereof, but find them to be without substantial merit. The writ of certiorari is accordingly denied.
JOHNSON and SPECTOR, JJ., concur.