209 So.2d 865 (1968)
John H. COUSE and Barnetta S. Couse, His Wife, Petitioners,
v.
The CANAL AUTHORITY of the State of Florida, a Body Corporate under the Laws of the State of Florida, Respondent.
No. 36443.
Supreme Court of Florida.
May 1, 1968.
*866 Ronald Sales and Ronald E. Jones, West Palm Beach, for petitioners.
C. Ray Greene, Jr., Jacksonville, for respondent.
DREW, Justice.
Petitioners in this case were defendants in an eminent domain proceeding in the circuit court under F.S. Chapter 73 and Section 74.051, F.S.A. The court denied a motion to dismiss the proceedings, rejecting contentions that the latter statute was unconstitutional and the complaint insufficient. Following entry of an order of taking under the statutory provisions[1] authorizing transfer of possession and title in advance of final judgment on determination of value, defendants filed in this Court a petition for writ of certiorari to review the order. The petition was transferred ex mero motu to the district court of appeal, which declined to pass upon the issue of statutory validity but concluded:
"* * * no good reason appearing why a definitive adjudication of this issue cannot be made by the Supreme Court at this stage of the proceeding as well as after final judgment is ultimately entered in this case, we shall file our certificate to the effect that this decision involves a question of great public interest in order that the Supreme Court may again be requested to review and adjudicate the question at this time." 197 So.2d 841, 842.
The petition was originally transferred by this Court to the district court under Rule 2.1 a(5) (d), F.A.R., 32 F.S.A., as one for review of an interloctuory order in a proceeding at law, which under the provisions of Art. V of the Florida Constitution, F.S.A., was regarded as cognizable only by the district courts of appeal where residual jurisdiction in common law certiorari is vested. Although we have in no way altered our view of Supreme Court jurisdiction as limited strictly to that defined by Article V, we now conclude from a study of the situation presented in this case, one of first impression, that the petition should not have been transferred by this Court and that the district court correctly avoided disposition of the issue of statutory validity. While the certificate might at this point be treated as vesting independent certiorari jurisdiction in this Court so as to permit determination of the merits of the petition or at least the appellate decision,[2] we feel obliged in the present posture of the case to consider the order of transfer as improvidently entered and treat first the jurisdictional issue presented by the petition.
The constitutional plan and provisions of Article V have been given searching analysis in earlier opinions holding Supreme Court jurisdiction to be exclusive in appeals from final orders or decrees construing the Constitution or passing on validity of statutes.[3] It is also clear that issues determined on interlocutory review *867 are not, in our appellate process, subject to question anew on appeal from the final judgment. The review of such orders by writ of certiorari from the district courts of appeal would therefore effectively extinguish or prevent the exercise by this Court of a part of its prescribed jurisdiction on appeal from final judgment in the cause. Such a result would plainly constitute an aberration in the constitutional plan which must if possible be avoided.
Although there may be some question as to whether or not an order in a proceeding under Ch. 74 is one "at law" or truly interlocutory in nature, our disposition of the petition in the present case does not require final resolution of those issues. Only the existence of an adequate and well defined alternative appellate remedy would foreclose relief by certiorari.
Article V, Sec. 4, by providing for Supreme Court review of interlocutory orders in chancery, which "upon a final decree would be directly appealable" here, does imply that routine review of such orders in law actions shall be deferred until appeal from the final judgment. We think, however, that this implied limitation does not proscribe a limited review by the discretionary writ of certiorari repeatedly held to be available in the absence of other effective appellate process. We recognize, as in previous cases,[4] that the jurisdiction of this Court is limited to that prescribed in amended Article V, and that the power to use the writ of certiorari as an ultimate method of review is now vested in our courts of general appellate jurisdiction, the district courts of appeal. A point not previously considered, however, is that the additional express and unqualified provision in Art. V that the "supreme court may issue all writs necessary or proper to the complete exercise of its jurisdiction" provides ample constitutional authority for use of the writ of certiorari in the situation now presented. The writ, in sum, is essential, even indispensable, to the complete and effective exercise of the prescribed jurisdiction of this Court to decide all appeals from final judgments passing on the validity of a statute.
This conclusion dictates (and we prescribe herewith) amendment of Florida Appellate Rule 4.5 g(1), previously framed in primary reference to stay orders, to read as follows:
"(1) In aid of prescribed jurisdiction. Application for constitutional or other writs necessary to the complete exercise of the jurisdiction of the Court will be entertained only after reasonable notice to the adverse party. No such petition will be entertained unless the case is one in which the Court may properly acquire jurisdiction and then only when it is made clearly to appear that the writ is in fact necessary in aid of an ultimate power of review and that a supersedeas order entered by the lower court will not completely preserve the Court's jurisdiction, or that the lower court has erroneously refused to enter such an order."
The writ remains ancillary in nature, as often stated in previous application of the constitutional writs provision, but our decision here represents a departure from, and effectively overrules, such pronouncements as in State ex rel. Watson v. Lee[5] that the "all writs" provision may not be invoked "until jurisdiction is acquired" over the cause by means of independent appellate proceedings. Certainly the writs provision in the context of amended Article V contains no such qualification.
Our present construction is supported by decisions applying an "all writs necessary" provision incorporated in the federal statutes[6] governing original jurisdiction of appellate *868 courts, the opinions indicating that such authority is "not confined to the issuance of writs in aid of a jurisdiction already acquired by appeal but extends to those cases which are within its appellate jurisdiction although no appeal has been perfected [because no final judgment had been entered]."[7] (e.s.) The writs provision, though ancillary, "extends to support an ultimate power of review, though it not be immediately and directly involved."[8]
The opinion of the district court in this cause states a classic case for the exercise of discretionary certiorari jurisdiction to resolve the issue of statutory validity at the time of entry of an order of taking under F.S. Sec. 74.051, F.S.A. Such an order permits irremediable action by the condemning authority which, if petitioner's claims as to unconstitutionality could be substantiated, would authorize relief by certiorari.
We conclude, however, that the provisions in the law for hearing and presentation of defenses[9] comply with constitutional due process requirements heretofore defined.[10] The trial court was accordingly correct in sustaining the statute.
Petitioner's remaining contentions are without merit, and the writ should accordingly be discharged.
It is so ordered.
ROBERTS, ERVIN and ADAMS, JJ., and WALKER and POPPER, Circuit Judges, concur.
CALDWELL, C.J., concurs in judgment only.
NOTES
[1] "74.051 Hearing on order of taking. 

"(1) On the date specified in the notice of hearing, all parties may appear and be heard on all matters properly before the court which must be determined prior to the entry of the order of taking, including the jurisdiction of the court, the sufficiency of pleadings, whether the petitioner is properly exercising its delegated authority, and the amount to be deposited for the property sought to be appropriated.
"(2) The court shall make such order as it deems proper, securing to all parties the rights to which they may be entitled. The court may make such orders in respect of encumbrances, liens, rents, taxes, assessments, insurance, and other charges, if any, as shall be just and equitable. If the court finds that the petitioner is entitled to possession of the property prior to final judgment, it shall enter an order requiring the petitioner to deposit in the registry of the court such sum of money as will fully secure and fully compensate the persons entitled to compensation as ultimately determined by the final judgment. Said deposit shall not be less than the amount of the petitioner's estimate of value, if the petitioner be the state or any agency thereof, any county, city or other public body; otherwise, double the amount of petitioner's estimate of value."
[2] Art. V, Sec. 4, Fla. Const.
[3] Robinson v. State, Fla. 1961, 132 So.2d 3.
[4] Carmazi v. Board of County Commissioners, Fla. 1958, 104 So.2d 727; Ellison v. City of Fort Lauderdale, Fla. 1966, 183 So.2d 193.
[5] 150 Fla. 496, 8 So.2d 19 (1942). See also Kilgore v. Bird, 149 Fla. 570, 6 So.2d 541, and State ex rel. Peacock v. Latham, 125 Fla. 788, 170 So. 472.
[6] "The Supreme Court, the circuit courts of appeal, and the district courts shall have power to issue all writs * * * necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law." Sec. 377, Title 28 U.S.C. § 1940 ed., now incorporated in Sec. 1651, Title 28, U.S.C.
[7] Roche v. Evaporated Milk Assoc., 1943, 319 U.S. 21, 25, 63 S.Ct. 938, 941, 87 L.Ed. 1185.
[8] United States v. United States Dist. Ct. for Southern Dist. of N.Y., 1947, 334 U.S. 258, 263, 68 S.Ct. 1035, 92 L.Ed. 1351. Other cases cited in City of Miami Beach v. State ex rel. Fontainebleau Hotel Corp., Fla.App., 109 So.2d 599, cert. den. 111 So.2d 437.
[9] Note 1 supra.
[10] State Road Dept. v. Forehand, Fla. 1952, 56 So.2d 901; State v. Wingfield, Fla.App. 1958, 101 So.2d 184.