299 So.2d 1 (1974)
MONROE EDUCATION ASSOCIATION, Petitioner,
v.
CLERK, DISTRICT COURT OF APPEAL, THIRD DISTRICT, Respondent.
No. 45600.
Supreme Court of Florida.
July 24, 1974.
Rehearing Denied October 25, 1974.
*2 Tobias Simon and Elizabeth J. duFresne, Miami, for petitioner.
ERVIN, Justice:
This is a case of original jurisdiction in which the Petitioner, Monroe Education Association, seeks a writ of mandamus to require the Respondent, Clerk, District Court of Appeal, Third District, to accept the filing of Petitioner's application for a constitutional writ, together with a $25.00 filing fee.
It appears from the petition filed with us that on May 20, 1974, Petitioner filed in the Third District Court an application for constitutional writ, alleging that Petitioner is a labor organization and an association of public school teachers employed by the Monroe County School Board which refused to engage in collective bargaining with Petitioner concerning terms and conditions of employment, as requested on four occasions this year pursuant to Article I, Section 6, Florida Constitution. Petitioner sought in the District Court a rule to show cause why the School Board should not be required to engage in collective bargaining with Petitioner, further alleging erosion of the constitutional rights of its members and lack of other adequate remedy at law.
It also appears from the petition filed with us for the writ of mandamus that on May 21, 1974, William P. Carter, Clerk of the District Court of Appeal, Third District, wrote counsel for Petitioner as follows:
 "Re: MONROE EDUCATION
 ASSOC. vs. MONROE
 COUNTY SCHOOL BOARD 
 APPLICATION FOR
 CONSTITUTIONAL WRIT 
Dear Mr. Simon:
At the direction of the court I am returning to you the enclosed original and copy of an Application for Constitutional Writ and your check #794 payable to my order in the amount of $25.00.
This application is not ancillary to any matter pending in this court and therefore cannot be filed here.
 Very truly yours,
 /s/ William P. Carter
 Clerk District Court of
 Appeal, Third District"
We conclude the Clerk's rejection on behalf of the District Court was improper. Petitioner's application for a constitutional writ should have been accepted and considered by the District Court  not summarily refused filing and consideration.
Section 4(b)(3), Article V, Florida Constitution, provides in part:
"... A district court of appeal may issue writs of mandamus, certiorari, prohibition, quo warranto, and other writs necessary to the complete exercise of its jurisdiction ..."
We deem this provision confers discretionary jurisdiction in the District Court to issue constitutional writs, that is, under the "all writs" authority of that court. Compare Couse v. Canal Authority (Fla. 1968), 209 So.2d 865, wherein we held that the "all writs" provision may be invoked even though jurisdiction is not acquired "by means of independent appellate proceedings", text 867 and 868. In other words, we recognize and have recognized since the holding in Couse v. Canal Authority that issuance of a constitutional writ is not dependent upon or altogether ancillary to independent appellate proceedings. Ordinarily, however, we do not supervene and take jurisdiction from lower *3 courts, that is, depart from the usual routine of adjudication from trial courts to the appellate courts. However, certain cases present extraordinary circumstances involving great public interest where emergencies and seasonable considerations are involved that require expedition. Compare State ex rel. Investment Corporation of South Florida v. Board of Business Regulation (Fla. 1969), 227 So.2d 674; West Flagler Associated, Ltd. v. Division of Pari-Mutuel Wagering (Fla. 1971), 251 So.2d 856; State ex rel. Williams v. Baker (Fla. 1971), 248 So.2d 650 and State ex rel. Pettigrew v. Kirk (Fla. 1970), 243 So.2d 147. In the case last cited we expressly stated we exercised our authority therein "under the all writ section". Compare also State ex rel. Turner v. Earle (Fla. 1974) 295 So.2d 609, 611, 612.
We think it would greatly emasculate and render sterile an appellate court's ability to make necessary and expeditious adjudications in extraordinary or emergency situations if at threshold applications for original constitutional writs were rejected on the blanket basis they were "not ancillary to any matter pending in this court and therefore cannot be filed here." (Emphasis supplied)
Our decision here to afford relief is necessarily a narrow one. All that we do is to hold that the application for a constitutional writ should be accepted for filing and duly considered under the discretionary jurisdiction that appertains in such situations. Whether the writ should issue is a matter within the sound discretion of the District Court, as well as whether it would be more appropriate to transfer the application to the Circuit Court. Compare State ex rel. Soodhalter v. Baker (Fla. 1971), 248 So.2d 468.
Formal issuance of peremptory writ of mandamus is withheld in full confidence that Respondent and the District Court will comply with the views expressed herein. Compare State ex rel. Williams v. Baker, supra.
ADKINS, C.J., and ROBERTS, DEKLE and OVERTON, JJ., concur.