PER CURIAM.
Petitioner Dr. Erwin Jackson has filed an emergency petition for writ of certiora-ri, writ of prohibition, and constitutional stay writ. We deny the petition in part and grant it in part, addressing each section of the petition in turn.
Petition for Writ of Certiorari
First, we deny the petition for writ of certiorari. Petitioner Jackson has not shown that the trial court’s ruling on his motion for default against Respondent Scott Maddox, nor its ruling that the City Charter requires Maddox to be an elector of the City of Tallahassee on November 21, 2016, meets the high standard for certiora-ri relief. See Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d 812, 822 (Fla.2004) (“It is well settled that to obtain a writ of certiorari, there must exist ‘(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal.’” (quoting Bd. of Regents v. Snyder, 826 So.2d 382, 387 (Fla. 2d DCA 2002))).
Petition for Writ of Prohibition
We also deny Jackson’s petition for writ of prohibition. While we find that Jackson’s November 15 motion for disqualification of the trial judge was legally sufficient, and was timely as to the conduct of the November 10 hearing, Jackson thereafter failed to take appropriate and timely steps to seek our review of the order denying disqualification and to prevent the trial judge from taking further action pending such appellate review. The general rule of timeliness for judicial disqualifications requires action “at [the] first opportunity to do so in a proceeding before that judge.” St. Pierre v. State, 966 So.2d 972, 975 (Fla. 2d DCA 2007). We have stated the rule as requiring action “as soon as practicable.” People Against Tax Revenue Mismanagement, Inc. v. Reynolds, 571 So.2d 493, 496 (Fla. 1st DCA 1990) (denying a petition for writ of prohibition on the merits but noting that “[w]hen the motion was denied and movants elected to challenge that ruling by seeking a writ of prohibition rather than waiting to raise the issue on plenary appeal, a petition should have been filed as soon as practicable” citing Carr v. Miner, 375 So.2d 64 (Fla. 1st DCA 1979))). A party having knowledge of grounds to disqualify a judge may not delay taking preventive action until after suffering an adverse ruling. “A motion for recusal is considered untimely when delayed until after the moving party has suffered an *707 adverse ruling unless good cause for delay is shown.” Fischer v. Knuck, 497 So.2d 240, 243 (Fla.1986); Lawson v. Longo, 547 So.2d 1279, 1281 (Fla. 3d DCA 1989) (holding that party waives right to seek removal of judge “[b]y doing nothing to affirmatively promote or protect the issue of the possiblé recusal”); Data Lease Fin. Corp. v. Blackhawk Heating & Plumbing Co., Inc., 325 So.2d 475, 479 (Fla. 4th DCA 1975) (holding a motion is untimely if not filed after the party has knowledge to support disqualification and after the party suffers an adverse ruling).
We recognize that the procedural context of this case is unique in that the delay occurred after Jackson had timely filed his motion to disqualify and obtained a ruling denying it. However, the principles of timeliness and preservation of the disqualification claim apply with equal force where a party having knowledge of grounds for disqualification participates in further proceedings before the trial judge without first seeking a stay or seeking appellate review of the order denying disqualification. In this case, the trial judge denied the motion for disqualification by order rendered the morning of November 16; and within about an hour after rendering that order, rendered another order setting a case management conference for November 18. Although Jackson has filed in this Court numerous documents in a series of three sets of petitions denominated as emergencies, and has done so on exceedingly short time frames measured in hours, he did not file a petition for writ of prohibition prior to the November 18 case management conference.
Jackson’s scant reference to the appellate record in his statement for the case management conference, on which the dissent relies, was not a request for stay or an objection to the trial court’s continuing to preside over this ease, nor did it invoke this Court’s prohibition jurisdiction. Even if it had, Jackson was obligated to protect his rights on the record at the hearing itself, and failed to do so. The problem here is not the speed with which Jackson originally moved to disqualify the trial court or the .speed with which he eventually petitioned this Court for review; the problem is Jackson’s conduct at the November 18 hearing, which was inconsistent with his previous claim for disqualification and constituted a waiver. At the case management hearing, Jackson did not object to the trial court’s continuing to preside over the case, he did not seek a stay or continuance, and did not indicate any intention to file a petition for a writ of prohibition. That hearing was more than a case management conference and included argument and rulings on multiple substantive motions, yet Jackson submitted to the jurisdiction of the trial court and participated fully without objection and without referencing disqualification or prohibition, thus waiving his disqualification argument.
We reject the dissent’s assertion that we are not authorized to reach the issue of waiver because neither the City nor Maddox raised a waiver defense in response to the petition. Our standard of review on petition for writ of prohibition is de novo. Philip Morris USA, Inc. v. Brown, 96 So.3d 468, 471 (Fla. 1st DCA 2012). The facts of what Jackson did and did not raise at the November 18 hearing are undisputed and are of record, and legal significance attached to Jackson’s failure to take appropriate protective action to, at a minimum, preserve his objection to the trial judge’s presiding over the hearing. As the party seeking this extraordinary remedy, Jackson had the burden of-proving and preserving every element of his claim for disqualification, and on this record he failed to do so.
*708 We do not hold that prohibition must be filed -within hours or even days under different facts, but in light of the unusual time constraints and history of this case, we find that Jackson waived any right to prohibition relief by participating in the November 18 hearing before challenging the denial of his motion to disqualify in this Court and without asserting any objection to the trial court’s presiding over that hearing. Had this issue been preserved, however, we would have found that the motion to disqualify was legally sufficient and should have been granted, due to the due process violations we have previously found in this case. See, e.g., Zuchel v. State, 824 So.2d 1044 (Fla. 4th DCA 2002) (outright denial of the basic and fundamental right of cross-examination would give a reasonably prudent person a well-founded fear of judicial bias).
Petition for Constitutional Stay Writ
Finally, we grant the petition for constitutional stay writ. The circumstances of this election contest are unique. Jackson timely filed his complaint on September 13, 2016, and, over a month later, the trial court stayed proceedings. This Court then ordered the court to hold an immediate hearing, and then, seven days later, vacated the trial court’s order following due process violations. We entered a temporary stay order preventing Maddox from taking the oath of office on November 21. The trial court has yet to enter a final judgment. Under these circumstances, we conclude that it is necessary to maintain the status quo by prohibiting Maddox from taking the oath of office pending entry of a final judgment. We thus exercise our authority under article V, section 4(b)(3), of the Florida Constitution to issue “other writs necessary to the complete exercise of [our] jurisdiction.” We find that issuance of the writ is necessary to preserve our jurisdiction to fully resolve the claim of Maddox’s eligibility. See Monroe Educ. Ass’n v. Clerk, Dist. Court of Appeal, Third Dist., 299 So.2d 1, 2 (Fla.1974) (issuance of this writ is not necessarily “dependent upon or altogether ancillary to independent appellate proceeding” (citing Couse v. Canal Auth., 209 So.2d 865, 867 (Fla.1968))). We further note that the City has represented in its filings in this Court that the City Commission will not meet until December 14, 2016, which will be its final meeting of the year.
Accordingly, Maddox shall not take the oath of office pending a final judgment by the trial court. The parties continue to dispute whether Maddox must have been a resident of the City upon taking the oath of candidacy on June 22, 2016, when Maddox attested to his residency for purposes of becoming a candidate; on August 30, 2016, when he was elected; on September 6, 2016, when the election results were certified; or upon taking the oath of office for a new term on November 21, 2016. The trial court has ruled that November 21 is the controlling date. The merits of that ruling are not presently before us and therefore we do not pass upon the question, but for the sake of judicial economy we suggest that the parties make an evi-dentiary record of Maddox’s residency on all potentially applicable dates so that the issue can be resolved with finality in a single plenary appeal. We direct the trial court to determine the controlling legal definition of “residency,” refine the outstanding requests for discovery and set a discovery schedule, and, barring any extraordinary circumstances, to enter a final judgment by December 6,2016.
ROWE and KELSEY, JJ., concur.
MAKAR, J., concurs in part and dissents in part with opinion.