# Third District Court of Appeal

## State of Florida

Opinion filed August 16, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-354
Lower Tribunal No. 19-25798
_____

## Sentry Public Adjusting, LLC,
Petitioner,

vs.

## Captiva Lakes Condominium Association, Inc., et al.,
Respondents.

A Case of Original Jurisdiction – Prohibition.

Alonso Appeals, and Cristina Alonso (Pembroke Pines); Jorge C. Borrón, PLLC, Jorge C. Borrón and Brett Caballero; Freidin Brown, P.A., and Joel H. Brown, for petitioner.

Luks, Santaniello, Petrillo, Cohen & Peterfriend and Anthony Perez; Link & Rockenbach, PA, Kara Rockenbach Link and Daniel M. Schwarz (West Palm Beach); Alvarez, Feltman, Da Silva & Costa, P.L., and Paul B. Feltman, for respondents.

Before LOGUE, C.J., and FERNANDEZ and LINDSEY, JJ.

FERNANDEZ, J.

Sentry Public Adjusting, LLC ("Sentry") seeks a writ from this Court prohibiting the trial court from adjudicating Sentry's lien rights or making any determination regarding Sentry's agreement with plaintiff/respondent Captiva Lakes Condominium Association, Inc. ("Captiva Lakes"). Specifically, Sentry contends that the trial court lacked jurisdiction to adjudicate the matter. For the following reasons, we grant the petition for writ of prohibition.

## BACKGROUND

Sentry is a public adjusting firm licensed in the State of Florida. On June 3, 2019, the representative of Captiva Lakes executed an agreement retaining Sentry as a public adjuster to help Captiva Lakes adjust its hurricane insurance claim against defendant/respondent, Citizens Property Insurance Corporation ("Citizens"). Under the agreement, Captiva Lakes agreed to pay Sentry "Ten (10%) of the total amount of actual loss or damages recovered by adjustment, litigation, settlement, appraisal, bad faith or otherwise, from any source." Sentry claims it thereafter provided services in adjusting Captiva Lakes' claim.

In August 2019, Captiva Lakes sued Citizens alleging a breach of insurance contract claim regarding alleged 2017 Hurricane Irma damages to Captiva Lakes' condominium property. Sentry was never a party in the case.

2

On December 2, 2021, Sentry filed a Notice of Filing Lien. Sentry attached a copy of the settlement agreement between Sentry and Captiva Lakes to the Notice of Lien.

Before trial, Captiva Lakes and Citizens settled the case. On October 14, 2022, Captiva Lakes filed Plaintiff's Notice of Settlement of the case, notifying the trial court that a settlement had been reached between Captiva Lakes and Citizens. Captiva Lakes also notified the trial court that the parties would be submitting an Order of Dismissal with the trial court reserving jurisdiction to enforce the terms of the settlement agreement. Sentry did not participate in any settlement discussions, was not a party to the settlement agreement, was not listed on the Certificate of Service, and was not served with the Notice of Settlement.

On October 25, 2022, the trial court entered its "Order of Dismissal Based On Settlement." The order states:

> THIS CAUSE came before the Court on the Notice of Settlement filed October 14, 2022, and the Court having been advised that the matter has been settled, it is hereby
>
> ORDERED AND ADJUDGED that this case is dismissed. The Court reserves jurisdiction to enforce the settlement and to enter orders necessary to this enforcement.

Sentry was not served with the order because it was not a party to the case and was not on the service list. The final order was not appealed.

3

On December 14, 2022, Captiva Lakes filed a Motion to Special Set Hearing on Allocation of Settlement Funds. A. 23-24. The motion stated that Captiva Lakes' counsel was in possession of the settlement drafts and that "certain third parties may have or claim an interest in the funds payable to [Captiva Lakes]." The motion did not mention Sentry's Notice of Charging Lien or Captiva Lakes' agreement with Sentry, does not include Sentry on the certificate of service, and was not served on Sentry.

On January 8, 2023, Captiva Lakes filed a Motion to Reopen Case and for Leave to Amend Complaint. The motion stated that "certain third parties continue to claim an interest in the funds payable to [Captiva Lakes], including JKS Construction and Inspections, Inc. [("JKS")], a roofing contractor purportedly retained by [Captiva Lakes], . . . ." Captiva Lakes thus sought leave to amend the complaint to include a claim against JKS. The motion and proposed Amended Complaint did not mention Sentry, its lien, or its agreement with Captiva Lakes.

The next day, on January 9, 2023, the trial court heard Captiva Lakes' Motion to Special Set Hearing on Allocation of Settlement Funds, Motion to Reopen Case and for Leave to Amend Complaint, and an Ore Tenus Motion to Bifurcate Former Counsels' Charging Lien. Sentry did not attend the hearing because it did not receive Captiva Lakes' notice of the hearing.

4

On January 13, 2023, the trial court entered an Order to Show Cause, based on the January 9 hearing, which stated, "[Captiva Lakes] has not yet received the benefit of said settlement due to third-party claims against the settlement proceeds, specifically non-parties JKS Construction & Inspections, Inc. ("JKS"), Sentry Public Adjusting, LLC ("Sentry"), and [Captiva Lakes'] former counsel, Kling Law, P.A. and Dicus & Burke, PLLC ("Former Counsel")." Although the order states that Sentry received notice of the hearing via e-mail and Federal Express related to the adjudication and discharge of their respective claims, Sentry claims it did not receive timely notice. The order stated that JKS, Sentry and former counsel "shall appear before the Court via Zoom/Virtual Courtroom" on January 23, 2023:

> to show cause why their claim(s) to the Plaintiff's settlement funds should not be discharged and the settlement funds immediately released to Plaintiff. Non-parties, JKS, Sentry and Former Counsel, will appear prepared to present evidence as to their alleged entitlement to and the amount of their respective interests…. Failure to appear will be deemed an abandonment of that entity's claim and will result in the entry of an Order extinguishing and forever barring such abandoned claim.

The order was not served on Sentry. Also on January 13, 2023, Captiva Lakes filed a Notice of Hearing titled "Evidentiary – Set by the Court" on the Order to Show Cause, for a hearing set for 8:30 a.m. on January 23, 2023. Captiva Lakes' Notice of Hearing was not addressed to Sentry, and Sentry is not listed on the Certificate of Service. On January 17, 2023, Sentry was

5

served with notice that Captiva Lakes settled its claims against Citizens and objected to Sentry's lien rights, with the Order to Show Cause, and with Captiva Lakes' Notice of Hearing for January 23, 2023.

On January 19, 2023, Sentry filed its Emergency Motion to Continue Order to Show Cause Hearing set for January 23, 2023. Sentry argued it did not have enough time to prepare a response. The trial court granted the motion. On January 20, 2023, Sentry filed a breach of contract action against Captiva Lakes in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

On January 23, 2023, the trial court held a hearing on the Order to Show Cause. Because the trial court had granted Sentry's motion for continuance, Sentry was not at the hearing. The trial court only addressed Sentry insofar as it had granted Sentry a continuance, so it was not required to be present at the hearing. The trial court did not address Sentry's lien or Sentry's agreement with Captiva Lakes.

On February 1, 2023, Captiva Lakes filed motions for the trial court to enter its proposed order on the January 23 Order to Show Cause hearing. Captiva Lakes also moved for a protective order so that Captiva Lakes' former counsel and Sentry be precluded from engaging in discovery, and it

requested that the trial court schedule an expedited final evidentiary hearing on Captiva Lakes counsels' and Sentry's alleged interests.

On February 2, 2023, the trial court entered its Order Regarding Show Cause Hearing. The court granted Captiva Lakes' motion to reopen the case and for leave to amend its complaint. The trial court directed Citizens to reissue the two settlement checks that had not yet been deposited and make them payable to Captiva Lake's counsel's trust account pending further order of the court. The trial court also precluded Sentry from engaging in discovery and ordered that Captiva Lakes, Sentry, and Captiva Lakes' former counsel scheduled a two-hour evidentiary hearing to adjudicate former counsel's and Sentry's claims.

On February 3, 2023, Sentry filed a Notice of Lack of Jurisdiction and Motion for Reconsideration of the February 2, 2023 Order. Sentry argued that according to Monteagudo v. Cimbler, 306 So. 3d 337 (Fla. 3d DCA 2020), the trial court was divested of jurisdiction to adjudicate Sentry's lien rights after the trial court entered its order dismissing the case. Sentry contended it should not be required to attend an evidentiary hearing on its charging lien without first obtaining discovery. On February 7, 2023, Captiva Lakes filed a response and cross-motion, claiming Sentry's Notice of Lack of Jurisdiction was a sham and should be stricken.

7

In addition, on February 7, 2023, Captiva Lakes filed its amended complaint, where it removed Citizens as a defendant and filed its claims against JKS. Captiva Lakes did not assert any claims against Sentry.

On February 8, 2023, the trial court held a case management conference, which was the first hearing that Sentry attended. Sentry addressed the court's lack of jurisdiction considering the dismissal order and requested that the trial court allow Sentry to engage in discovery. The court denied Sentry's request for discovery of the settlement amount and scheduled an in-person evidentiary hearing to adjudicate Sentry's rights and all lien holders' rights. The court stated that it would rule on Sentry's objection to the court's adjudication of Sentry's lien rights for lack of jurisdiction at the beginning of the final hearing.

On February 20, 2023, Sentry filed is Memorandum of Law on Lack of Jurisdiction and Due Process. Sentry argued that the trial court lacked jurisdiction to adjudicate Sentry's lien rights because the trial court entered the Order of Dismissal. Sentry contended that although the trial court reserved jurisdiction to enforce the settlement, it did not reserve jurisdiction to adjudicate any lien rights. Sentry argued that the reservation of jurisdiction to enforce the settlement agreement did not extend to an adjudication of

Sentry's lien rights because Sentry was not a party to the settlement agreement between Captiva Lakes and Citizens.

Thereafter, the trial court informed the parties that it was not available for the in-person evidentiary hearing on the morning of February 21, 2023. The court gave counsel the option of proceeding with the hearing the next morning via Zoom or with an in-person hearing on February 24, 2023. The parties could not agree on whether the hearing should be via Zoom or in person, nor could they agree on the date of the hearing. As of the date Sentry filed the petition for writ of prohibition with this Court, the evidentiary hearing had not been rescheduled.

## DISCUSSION

Sentry contends that the trial court lacked jurisdiction to adjudicate Sentry's rights or its agreement with Captiva Lakes because the trial court dismissed Captiva Lakes' action without reserving jurisdiction for such adjudication.[1] The standard of review on petition for writ of prohibition is that

---

[1] Citizens responds to the Petition and states that it takes no legal position on the scope of the trial court's October 25, 2022 Order of Dismissal or whether the trial court lacks jurisdiction to adjudicate Sentry's charging lien because Citizens is not involved in the allocation dispute. Citizens states that it reached a settlement with Captiva Lakes, complied with its obligations under the settlement agreement between it and Captiva Lakes, and seeks to have no further role in this litigation.

9

the trial court's legal findings are reviewed de novo, and the trial court's factual findings are reviewed for competent, substantial evidence. Jackson v. Leon Cty., Elections Canvassing Bd., 214 So. 3d 705, 707 (Fla. 1st DCA 2016); Little v. State, 111 So. 3d 214, 217 (Fla. 2d DCA 2013).

This Court has jurisdiction to issue the writ of prohibition according to Article V, section 4(b)(3) of the Florida Constitution, as well as Rules 9.030(b)(3) and 9.100 of the Florida Rules of Appellate Procedure. The writ of prohibition is an extraordinary remedy that "may only be granted when it is shown that a lower court is without jurisdiction or attempting to act in excess of jurisdiction." English v. McCrary, 348 So. 2d 293, 296 (Fla. 1977). See also Skelly v. Skelly, 277 So. 3d, 1087, 1088-1089 (Fla. 5th DCA 2019) and Monteagudo v. Cimbler, 306 So. 3d 337 (Fla. 3d DCA 2020). Thus, Sentry's challenge to the court acting in excess of its jurisdiction is appropriately raised in a petition for writ of prohibition.

Here, Sentry has demonstrated that the trial court is acting in excess of its jurisdiction. The trial court's October 25, 2022 Order of Dismissal allowed the court to remain with jurisdiction to enforce the parties' settlement agreement. However, that trial court order divested the court of jurisdiction to adjudicate Sentry's lien rights or Sentry's agreement with Captiva Lakes because it did not reserve jurisdiction to adjudicate those matters.

In Monteagudo, Cimbler, a non-attorney and non-party to the trial court action in that case, claimed a right to bring his own claim for fees, costs, etc. into the residential insurance case the petitioners/plaintiffs, Lazaro and Libia Monteagudo, had filed against Citizens. Id. at 338. An appraisal panel made an award, and the Monteagudos voluntarily dismissed the case. Id.

On appeal, this Court found that to "the extent that the trial court specifically reserved jurisdiction over any claims of the parties for the attorney's fees, that reservation has no bearing on Cimbler's claims or the pending petition." Id. (emphasis in original). This Court further stated:

> Our precedent is clear that the voluntary dismissal divested the trial court of further jurisdiction save (a) as expressly reserved for an award of any timely motions by the parties for attorney's fees, or (b) certain limited exceptions, none of which are applicable here. See, e.g., Pino v. Bank of New York, 121 So. 3d 23, 41-43 (Fla. 2013) (stating that a voluntary dismissal generally deprives the trial court of further jurisdiction; an exception applies to a motion for sanctions under section 57.105 filed before the notice of voluntary dismissal); Sidlosca v. Olympus Ins. Co., 276 So. 3d 987, 988 (Fla. 3d DCA 2019) (same); Bank of New York Mellon v. Poker Run Acquisitions, Inc., 208 So. 3d 199, 202 (Fla. 3d DCA 2016) (noting an exception to the Pino rule regarding continuing jurisdiction where "parties, prior to dismissal, present a settlement agreement to the trial court for approval and the trial court enters an order of dismissal predicated on the parties' settlement agreement, the trial court retains jurisdiction to enforce the terms of the settlement agreement"); Select Builders of Fla., Inc. v. Wong, 367 So. 2d 1089, 1091 (Fla. 3d DCA 1979) (sanctions sought for conduct of a party amounting to a fraud on the court).

11

Id. at 338-339. This Court stated that "Cimbler may of course pursue whatever claims he wishes in a new action, and we express no opinion regarding the merits of any such claim." Id. at 339. This is exactly what Sentry did when it filed its breach of contract action against Captiva Lakes in Palm Beach County.

In addition, this Court in Monteagudo distinguished Dynamic Public Adjusters, Inc. v. Rodriguez, 155 So. 3d 384 (Fla. 3d DCA 2014), cited by Captiva Lakes. The Court noted that the appraisers in Dynamic had intervened, and no dismissal by the insureds had been filed. Monteagudo, 306 So. 3d at 339. This is unlike in the case before us, where Sentry was not a party and has not intervened, and the case was dismissed by the trial court.

Moreover, as Sentry correctly contends, although it filed a Notice of Charging Lien, it did not seek to enforce or adjudicate that lien before the trial court entered its dismissal order. Sentry only sought to address the lien and its agreement with Captiva Lakes after the trial court entered its Order to Show Cause, which stated that failure to appear would be deemed an abandonment of the claim and would result "in the entry of an Order extinguishing and forever barring such abandoned claim." Sentry notified the trial court that it lacked jurisdiction and requested that the trial court rule on

the issue before the evidentiary hearing. However, the trial court did not do so.

In addition, under Paulucci v. General Dynamics Corporation, 842 So. 2d 797 (Fla. 2003), even though the trial court in the case before us reserved jurisdiction to enforce the settlement agreement, the enforcement of that agreement does not include the ability to adjudicate Sentry's charging lien or Sentry's agreement with Captiva Lakes because Sentry was not a party to the settlement agreement. The Florida Supreme Court explained in Paulucci that the court's continuing jurisdiction to enforce a settlement agreement is set by the terms of the settlement agreement. Id. at 803. The Court stated:

However, the extent of the court's continuing jurisdiction to enforce the terms of the settlement agreement is circumscribed by the terms of that agreement. Thus, if a party is claiming a breach of the agreement and is seeking general damages not specified in the agreement, the appropriate action would be to file a separate lawsuit.

Id. at 803.Thus, because the trial court entered its Order of Dismissal, it did not have jurisdiction to adjudicate Sentry's charging lien nor to adjudicate any issues related to Sentry's agreement with Captiva Lakes.

For these reasons, we grant the petition for writ of prohibition precluding the trial court from continuing to adjudicate Sentry's lien rights or making any decision regarding Sentry's agreement with Captive Lakes.

Petition granted.

13